CARNEY
v.
REED.

(1) Mr. *Major* cited Story on Cont. § 861; *Chase* v. *Day*, 17 Johns. 114; 1 Pet. 500; 8 Johns. 29; 5 Wend. 23; 9 Cow. 639; 4 *id.* 432; 9 Pick. 306.

---

## CARNEY and Others *v.* REED.

Trespass against several persons.    There was some evidence tending to show that the defendants were not jointly concerned in the commission of the trespasses; that the trespasses consisted of a series of acts, extending through several weeks; that one of the defendants was engaged in the commission of the acts only for a short time.    The defendants asked the following instruction, which was refused, to-wit: "You can assess different degrees of damages against those of the defendants whom you find guilty; you are not bound to assess the same sum against each, or one sum against all guilty, but may discriminate."    *Held*, that there was no error.

There was evidence tending to show that the plaintiff had only a parol contract for the sale of part of the land.    The defendants asked the Court to instruct the jury that such parol contract would not pass the title to the plaintiff, and would not entitle him to recover damages for permanent injury to the land prior to the time he received a deed for it.    The Court refused; but, on motion of the plaintiff, the jury were instructed that if he was in peaceable possession he might recover; that if his purchase was before the trespasses, and the execution of his deed afterwards, the title would relate back to the time of the purchase; that a verbal contract for land, under which the purchaser takes possession, and afterwards obtains a deed, makes his title good from the time of the contract and possession.    *Held*, that there was no error.

APPEAL from the *Cass* Circuit Court.

HANNA, J.—This was a complaint for damages by *Reed*, for certain trespasses on lands, alleged to have been committed by the appellants and others.

*Monday,
December 20.*

There were five paragraphs to the answer—

1. Denial that *Reed* was the owner of the land at the time of the supposed trespasses.

2. Denial of possession by *Reed* at that time.

3. Denial of the trespasses and injuries.

VOL. XI.—27

4 and 5. Setting up that the land was entered upon, and the supposed trespasses committed, by virtue of and under a certain railroad charter, &c.

As these two paragraphs were demurred to, the demurrer sustained, and no exception taken, we cannot consider the questions attempted to be raised upon them.

The case was tried before a jury, and a verdict of guilty was returned as to the three *Carney's*, and not guilty as to *Rogers*. Damages assessed at 250 dollars. New trial overruled; and judgment on the verdict.

The questions to be considered arise upon instructions given and refused.

It is shown by a bill of exceptions, that there was some evidence tending to show to the jury that the defendants were not jointly concerned in the commission of the trespasses; that they consisted of a series of acts, extending over several weeks of time—of grubbing, cutting timber, and digging up the earth to form a road-bed for the *Newcastle and Richmond Railroad;* that all of the *Carney's* were not engaged jointly in the commission of said acts during the entire time, one of them, *John Carney*, having been so engaged only a short period of the time.

Upon this, the defendants asked the following instruction, which was refused, to-wit:

" You can assess different degrees of damages against those of the defendants whom you find guilty; you are not bound to assess the same sum against each, or one sum against all guilty, but may discriminate."

There was no instruction given upon the question involved in this.

There was no error in refusing to give the instruction as asked.

The bill of exceptions states that there was " proof tending to show that the plaintiff, at the commencement of the trespasses, had not the title to the west half of the land, but had simply a parol contract for the same."

At the proper time, the defendants asked the Court to instruct the jury that—

" The parol contract for the sale of this west 80 acre

tract of land by widow *Reed* to the plaintiff, was not suffi- <span>Nov. Term,</span>
cient to pass the title to the land to the plaintiff, and would· <span>1858.</span>
not entitle him to recover damages for permanent injury to <span>CONWELL</span>
the land prior to the time he, the plaintiff, received a deed <span>v.</span><br><span>O'BRIEN.</span>
for the land."

This was refused; but the jury were instructed, upon motion of the plaintiff, that if he was in peaceable possession, he was entitled to recover; that if his purchase was before the trespasses, and the execution of his deed afterwards, the title would relate back to the time of the purchase; that a verbal contract for land, under which the purchaser takes possession, and obtains a deed afterwards, makes his title good from the time of the contract and possession. ·

The first question presented upon these instructions is, whether, in this form of action, a recovery can be had, by one in possession, upon an equitable title, or whether the legal title is necessary.

We see no error in the ruling of the Court, taking all the instructions together—those given and refused. *Case* v. *Weber*, 2 Ind. R. 108.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*D. D. Pratt* and *S. C. Taber*, for the appellants.
*H. P. Biddle* and *B. W. Peters*, for the appellee.