Nov. Term,
1861.

CATTERLIN
v.
DOUGLASS.

*Tuesday,*
*December 3.*

---

CATTERLIN *v.* DOUGLASS.

An action will lie by a mere rightful possessor, against a wrong doer, for any injury to the possessor's rights.

Where real estate is sold for taxes, when the owner has personal property in the county subject to sale, which is not sought for by the officer, the purchaser derives no title.

Nov. Term,
1861.

CATTERLIN
v.
DOUGLASS.

A sheriff's deed may be given in evidence before the judgment and execution upon which the sale was made are introduced, and if, on the trial, the production of the judgment and execution are waived, it would not be error for the Court to refuse to instruct the jury that the case was not made out for want of such evidence.

Where the Court refuses instructions, and the evidence is not in the record, the Supreme Court will, as a general rule, presume the ruling to be correct.

Tuesday.
December 3.

APPEAL from the *Clinton* Circuit Court.

*Per Curiam.*—*Douglass* sued *Catterlin* for entering his close and taking away a boiler, engine and mill. *Catterlin* answered, 1. The general denial; 2. Setting up title in himself. Reply, in denial. Trial by jury; judgment for the plaintiff. The evidence is not all in the record, nor is a special case made.

An action will lie by a mere rightful possessor, against a wrong doer, for an injury to the possessor's rights. *Case* v. *Weber*, 2 Ind. 108.

It is not shown whether the engine, &c. were so attached to the realty as to become a part of it, and in favor of the judgment we may presume that they were shown to be personal property.

A tax title is good for nothing where real estate is sold for taxes when the owner has personal property subject to sale, in the county, which is not sought for by the officer. A sheriff's deed may be given in evidence, as a link in the chain of evidence, before the judgment and execution are introduced, if the Court sees fit to permit this order of proof to be adopted; and if, on the trial, when this is done, the production of the judgment and execution are waived, it would not be error in the Court to refuse to instruct the jury that the case was not made out because the judgment and execution were not produced. Where the Court refuses instructions, and the evidence is not upon the record, the general rule is that the Supreme Court must presume their refusal correct.

The judgment is affirmed, with 1 per cent. damages and costs.

*J. E. McDonald, A. L. Roache*, and *Simms & Davidson*, for the appellant.

*N. Purdum* and *S. C. Wilson*, for the appellee.