### Winship and Others *v.* Clendenning.

Injunction Bond.—An injunction bond was entitled "State of *Indiana, Clinton* county, A *v.* B."

*Held*, that the bond was not void for the failure to state the name of the court in which the action was brought.

Evidence.—Record of Deed.—The record of a deed may be given in evidence without accounting for the absence of the original.

Practice.— Suit on Injunction Bond.—In an action upon an injunction bond, it is not necessary that a copy of the proceedings and judgment in the injunction case should be filed with the complaint.

Same.—Damages.—A having the right to the possession of certain real estate, under a purchase by title bond, was enjoined, at the suit of B, from exercising that right, and from entering upon the land.

*Held*, that in a suit upon the injunction bond, A was entitled to recover for any injury to the possession, or to the land itself, caused by the injunction.

Same.—An injunction having been granted to continue until the determination of a case in the Supreme Court, the latter case was subsequently dismissed, but the appeal was afterward "reinstated," and the case decided upon its merits.

*Held*, that it must be understood from the record that the dismissal of the case in the Supreme Court was set aside and the case reinstated, and this being the case, the injunction was continued in force, and, in an action upon the injunction bond, damages accruing after the dismissal could be recovered.

APPEAL from the *Clinton* Common Pleas.

Elliott, C. J.—This was a suit brought by *Clendenning*, against the appellants, on the following written obligation:

"*Edwin Winship,*
     v. } State of *Indiana, Clinton* County.
*James Clendenning.*

"We undertake that the plaintiff, *Edwin Winship*, shall pay to the defendant, *James Clendenning*, all damages and costs which may accrue by reason of the injunction in this action.      [Signed,]   .    EDWIN WINSHIP.
                                     ELI ARMANTROUT.
                                     JAMES GASTER.
*April* 13th, 1861.                 WILSON SEAWRIGHT."

"Approved by me: JOHN M. COWAN."

The defendants demurred to the complaint, and assigned as a cause that it did not state facts sufficient to constitute a cause of action, but the court overruled the demurrer, to which the defendants excepted. They then answered by a general denial. There was a trial by jury, and a finding for the plaintiff for $120. A motion for a new trial, by the defendants, was overruled by the court, and judgment rendered on the finding of the jury. The defendants excepted, and appeal to this court.

Several errors are assigned, and urged as causes for the reversal of the judgment of the lower court. We will notice them in the order in which they are presented.

1. "The court erred in overruling the defendants' demurrer to the complaint."

The complaint, in substance, alleges that on the 13th of *April*, 1861, the defendant *Winship* filed and presented a complaint before *John M. Cowan*, Judge of the *Clinton* Circuit Court, setting forth, among other things, that he and one *John P. Crothers* were joint tenants of certain real estate, (which is described,) ; that at the *June* term, 1860, of the *Clinton* Common Pleas Court, *Crothers* commenced a suit for the partition of said land; that partition was made by commissioners appointed by the court, and a report thereof made, and confirmed by the court; that he,

*Winship*, had appealed said case to the Supreme Court. That by said partition there were set apart to him only 26 35-100 acres, while to *Crothers* were given 53 35-100 acres, when, in fact, he, (*Winship*,) was entitled to one-half of the whole tract. That *Clendenning*, the plaintiff, had, without right, entered upon his (*Winship's*) half of said land, and was trespassing thereon by felling timber and committing other wastes; and thereupon prayed for an injunction, and an order restraining the plaintiff, *Clendenning*, from the further possession or interference with said half of said land. Whereupon said judge granted an order restraining the plaintiff from entering upon said premises, or exercising ownership over the same in any manner whatever. And that, "at the succeeding term of said Circuit Court, the plaintiff was enjoined from entering upon said premises until the determination of the said partition case in the Supreme Court." The complaint further avers that at the time of the application for said injunction, the said defendant *Winship*, together with the other defendants herein, entered into the written obligation upon which this suit is brought, a copy of which is set out in the complaint, and also filed therewith. It also alleges that the plaintiff is the owner in fee of the land so set apart to said *Crothers* on partition, and was entitled to the possession thereof previous to the time of granting said injunction, and that said partition cause had been determined in the Supreme Court against *Winship*, and the report of said commissioners, and the judgment thereon, affirmed; and that by reason of said injunction and restraining order, the plaintiff had been deprived of the use of said premises for three years. That *Winship*, having possession of the land, had appropriated a large amount of grain which the plaintiff had sown thereon, and had consumed a large amount of timber, rails, and other articles of value appertaining to said land, and prays judgment for $500.

It is objected to the complaint that the restraining order first granted by the judge, was granted at a time when the said *Clinton* Circuit Court was, by law, authorized to be in session, and that, in the absence of any direct averment to the contrary, it must be presumed the court was in session, and that, in such case, the *court*, and not the judge, as in vacation, should grant the restraining order. There is nothing in the objection. The inference to be drawn from the averment is that the court was not in session at the time the order is alleged to have been first granted; besides, it is averred that "at the succeeding term of said Circuit Court the plaintiff was enjoined," &c. We do not decide that the bond would have been void, if the court had been in session at the time the restraining order was granted by the judge, and the bond executed. The question is not in the record, and we therefore do not express any opinion in reference to it.

It is also insisted that the bond is void on its face, for the reason that no venue is stated, and it does not show that it has any connection with the injunction proceedings. This objection is also untenable. As a venue, the state and county are stated in the bond; the names of the parties to the suit are the same as in the injunction case, and it is directly averred in the complaint that it was executed in that connection.

The complaint, we think, clearly shows a good cause of action, and the demurrer was, therefore, correctly overruled. Other objections to the complaint are presented, but they are quite too technical to require special notice.

2. On the trial of the cause before the jury, the plaintiff, over the objection of the defendants, was permitted to read in evidence what purported to be the original bond sued on. The grounds of objection are stated thus in the bill of exceptions: "That it did not bear the title of any court, and that it was indefinite, uncertain, and bad on its face." The execution of the bond was admitted by the pleadings; it formed a proper part of the plaintiff's evidence; it

corresponded with the copy filed with the complaint, and the court did right in permitting it to be read to the jury.

3. At the proper time, the plaintiff offered in evidence the record from the recorder's office of the deed from *Crothers* to him for the land referred to in the complaint, to which the defendants objected, "because the absence of the original was not sufficiently accounted for, and because no copy thereof had been filed with the complaint." But the court overruled the objection, and permitted the record of the deed to be read in evidence, which is also assigned for error.

The deed was duly acknowledged by the grantor, and a proper certificate of the acknowledgment indorsed on it, under the hand and seal of a notary public in *Ohio*, and the certificate recorded with the deed. Under these circumstances, it was properly admitted in evidence without accounting for the absence of the original. *Lyon et al.* v. *Perry et al.*, 14 Ind. 515; 2. G. & H., § 283, p. 183. The deed was not the foundation of the action, and it was not necessary to file a copy of it with the complaint. Another objection is argued by the appellant in his brief, but as it was not made at the proper time in the court below, it will not be noticed here.

4. The court below permitted the plaintiff, over the defendants' objection, to read in evidence the proceedings and judgment in the *Clinton* Circuit Court, in the injunction case of *Winship* against the plaintiff, in which the bond sued on was executed. The only objection made by the defendants at the time the evidence was offered, as stated in the bill of exceptions, was that "no copy thereof had been filed with the complaint." This suit is founded on the bond given by *Winship* to procure the injunction, and not on the proceedings and judgment in that case, and it was not necessary, therefore, that a copy of such proceedings and judgment should be filed with the complaint. But if it were otherwise, the failure to file such copy might

render the complaint defective, but it would not furnish a valid objection to the giving of the record in evidence on the trial.

5. The next question presented arises upon instructions given and refused.

The court instructed the jury that, "A possessory right would entitle the plaintiff to recover for being kept out of possession," to which the defendants excepted, and asked the court to instruct the jury as follows:

"1. A mere possessory right to the premises in question is not, of itself, sufficient to entitle the plaintiff to recover."

"2. If the plaintiff had no other right to the possession than that conferred by a title bond, he has no right to recover."

These instructions were refused by the court, to which refusal the defendants also excepted.

The evidence in the case is all in the record by a bill of exceptions, from which it appears that the plaintiff purchased the land of *Crothers* before the execution of the bond sued on, and was in possession and held the same by title bond from *Crothers*. The deed to him was executed and acknowledged on the 20th of *March*, 1861. He had paid part of the purchase money, and the deed was placed in the hands of a third person as an *escrow*, to be delivered when he paid the residue of the purchase money. It was delivered to the plaintiff on the 15th of *February*, 1864, after the commencement of this suit.

These facts show that the plaintiff, under his purchase, had the right of possession, at least as against *Winship*, and this possessory right was sufficient to enable the plaintiff to maintain this action. *Case et al.* v. *Weber et al.*, 2 Ind. 108; *Carney et al.* v. *Reed*, 11 Ind. 417. The instruction given by the court was correct, and those asked by the defendants were correctly refused.

The following instruction asked by the defendants was also refused by the court:

"If *Winship*, during the pendency of the injunction, cut timber on the land wrongfully, the damages resulting therefrom, if any, can be recovered by the then holder of the freehold, and they are no part of the measure of damages in this case."

We have already seen that the plaintiff's possessory right was sufficient to enable him to maintain the action, and recover in damages for any injury to that possession resulting from the injunction. But he had more than a mere right of possession; he held an equitable interest in the land itself, and everything connected with it, coupled with the right of possession, of which he was deprived by the injunction, and any injury to the possession, or to the land itself, resulted in an injury or loss to him, and any such injury was covered by the bond. There was no error in refusing the instruction.

Another instruction asked by the defendant and refused by the court, is as follows:

"5. If the partition suit was dismissed by the Supreme Court, it was no longer pending, and on the subsequent reinstatement of the appeal, it stood on the same ground as a new appeal, and could not perpetuate this injunction without a new order from the Circuit Court. The plaintiff, therefore, could not recover damages for any time after the dismissal of the suit in the Supreme Court, if entitled to damages at all."

The same question is again raised and discussed on a motion for a new trial, on the ground that the damages are excessive.

During the progress of the trial, it was admitted that "the partition suit was dismissed in the Supreme Court on the 30th day of *July*, 1861, and that the oats were sown during the interim between the dismissal and the renewal of the appeal," so states the bill of exceptions.

It will be observed that this statement is somewhat indefinite as to how the appeal in the partition suit

was reinstated, or renewed, in this court after it was dismissed. No other evidence was given in reference to it. If, as the instruction seems pretty clearly to imply, the dismissal was set aside and the cause reinstated on the docket, then the appeal was continued by such reinstatement, and, in effect, the same appeal was pending until the cause in this court was finally disposed of by an affirmance. By the record of that affirmance, given in evidence by the plaintiff, it is shown that the case was affirmed in this court on the 10th of *June*, 1863, and the opinion certified to the court below on the 10th of *August* following.

The instruction asked, we think, was correctly refused, because if, as it states, "the appeal was reinstated," then it was the same original appeal; the dismissal was vacated, and, in that case, it is clear that the injunction continued operative. The terms of the final injunction are that the defendant be enjoined and restrained from entering upon, or interfering, in any manner, with the land, &c,, "during the pendency of the partition case," &c., "appealed from the *Clinton* Common Pleas to the Supreme Court." *Winship* claimed that the injunction continued operative after the appeal was reinstated or renewed in this court, and held the possession of the land under that claim until the case was finally affirmed. The plaintiff was thus kept out of possession, and lost the use and profits of the land, in effect, for the period of three years, for which, we think, under the circumstances, he is entitled to recover. Under this view of the case, the evidence clearly justified the finding of the jury, and the damages below are not excessive.

It is proper to note that, in this connection, the court below charged the jury, "that if the plaintiff has a right to recover in this action, it can only be for damages necessarily incident to an obedience on his part to the injunction." The case seems to have been fairly tried in the court below, and we see nothing in the record justifying its reversal. The judgment must, therefore, be affirmed.

The judgment is affirmed, with 5 per cent. damages and costs.

*J. N. Sims,* for appellants.

*L. McClurg,* for appellee.