### RING *v.* EWING, EXECUTOR.

DECEDENTS' ESTATES.—*Collection of Taxes on.*—In conformity with the terms of the will of a decedent, his executor purchased a parcel of real estate for the use for life of certain beneficiaries named in the will, and took a deed therefor to himself as executor. It did not appear whether any trust was declared in the deed in favor of such beneficiaries.

*Held*, that the county treasurer might lawfully levy on the personal estate of the decedent in the hands of the executor, to satisfy taxes against said real estate that had become delinquent, and that he was not bound to proceed against said beneficiaries, or to file a claim against the estate for such unpaid taxes.

SAME.—When the party chargeable with a tax on real estate is the owner of personal property, the latter is primarily liable for the payment of the tax.

From the Allen Circuit Court.

*W. H. Coombs, W. H. H. Miller,* and *R. C. Bell,* for appellant.

*J. Morris* and *W. H. Withers,* for appellee.

DOWNEY, J.—This was an action brought by William A. Ewing, executor of the will of George W. Ewing, deceased, against John Ring, treasurer of Allen county, for wrongfully taking the personal property of the plaintiff. Answer by general denial. The cause was tried by the court, upon an agreed state of facts; finding for the plaintiff; motion for a new trial overruled; and judgment for the plaintiff.

The agreed statement of facts was as follows:

"It is agreed in this case as follows: That the executors of Geo. W. Ewing, deceased, under the sixteenth·clause of the testator's will, which is made a part of this agreement, purchased lot six, and the south three feet of lots seven and eight, Hamilton's addition to the city of Fort Wayne, Allen county, Ind., near the Cathedral in the city of Fort Wayne, and took a deed therefor in their names as executors; that they, as such executors, erected buildings thereon, as provided by said will, and put the said Desdemona Bourie in possession thereof, on or about the — day of ———, 1868; that said lots were assessed to said executors or to said Ewing's estate, and said executors paid the taxes thereon for the years 1867, 1868, 1869, and 1870.

"That the said Desdemona Bourie has taken care of, and provided for the maintenance and education of said Charlotte Smith, ever since the death of said Geo. W. Ewing, and is still doing the same, the said Charlotte being now fifteen years of age.

"That said property was assessed in the name of said executors of said estate for the years 1871 and 1872, but that said plaintiff, who is now the sole executor of said George W. Ewing, refused to pay the same.

"That the defendant, as treasurer of Allen county, levied upon the property in the complaint mentioned, of the value of one hundred and fifty dollars, for the taxes for said years.

"It is also further agreed, that the defendant, as such

treasurer, seized and took into his possession the goods and chattels mentioned in the complaint, which were the goods of George W. Ewing at the time of his death, and have been in the possession of the plaintiff ever since, for the purpose of making said taxes by sale thereof, and that he still holds the same for said purpose. If upon the facts above stated, and such other facts as the parties may prove on the trial, the court shall be of opinion that the plaintiff, as such executor, ought to pay such taxes, and that said goods were lawfully seized, and are lawfully held by the defendant for the purpose as aforesaid, then judgment shall be rendered for the defendant, otherwise for the plaintiff.

"Morris & Withers, Att'ys for Pl'ff.

"R. C. Bell, Att'y for Def't."

Upon the trial, the last will of George W. Ewing, deceased, was read in evidence on behalf of the defendant, the sixteenth clause of which reads as follows:

"16. It is my desire, and I direct, that my executors purchase a piece of ground near the cathedral, in Fort Wayne, and erect thereon a building or buildings, at an expense of from five thousand dollars ($5,000) to six thousand dollars ($6,000), for the use of Desdemona Bourie, for and during the period of her natural life, provided she takes care of, and provides for the maintenance and education of Charlotte Smith, daughter of Mary Ann Smith, of the city of Baltimore, in the State of Maryland; and upon the death of said Desdemona Bourie, leaving the said Charlotte surviving, the said Charlotte is to have the use of the same during her natural life; and upon her decease the same is to go to my heirs."

Counsel for appellant, in their brief, assume the following positions: "Upon this statement of facts, it seems to us that the only question in the case is, can a county treasurer levy on personal property of an estate, in the hands of an executor, for delinquent taxes on the real estate held in trust by the executor?

"Whatever the equitable rights may be between the exe-

cutor and Miss Bourie, it seems to us that, as between him and the treasurer, there can be no doubt as to the right of the treasurer to levy this tax on the personal estate. This real estate belonged to the executors. When they purchased it, and took a conveyance to themselves, they became the legal owners of it. It was properly transferred to them on the tax duplicate, and properly listed in their names."

On the other hand, it is contended by counsel for the appellee, that Desdemona Bourie, the party entitled to the first life estate in the use, is bound to pay the taxes.

It is probable that the executors could, consistently with the will, when they purchased the real estate to which reference is made in the complaint, have caused the legal title to have been vested for life in Desdemona Bourie, subject to the condition subsequent, that she should take care of, and provide for the maintenance and education of Charlotte Smith, remainder to Charlotte Smith for her life, should she survive the said Desdemona Bourie, with remainder in fee to the heirs of the deceased. This, however, it appears they did not do. But the agreement of facts shows, that they took the deed therefor "in their names, as executors." What the trusts are which are declared in the deed, we are not informed, nor does it appear whether or not any trusts are declared therein. For aught that appears, the deed may be an absolute and unqualified deed to the executors. It does not appear by whom, or in whose name, the lands were listed for taxation. It is said they "were assessed to said executors, or to said Ewing's estate."

The ground on which it is claimed that Desdemona Bourie should pay the taxes, that is, that she owns a life estate in the real estate, does not in any way appear in the evidence. It does appear that the goods seized by the treasurer, out of which to make the tax, "were the goods of George W. Ewing at the time of his death." The executors are thus shown to be the holders and owners, in their representative capacity, of the real and personal property; and we do not see any good reason why the personal property

in their hands may not be legally seized by the treasurer, in order to make the amount of the tax. Where the party chargeable with a tax on real estate is the owner of personal property, that is primarily liable to seizure for the payment of the tax. *Catterlin* v. *Douglass,* 17 Ind. 213.

It is suggested that the treasurer should have filed a claim for the amount of the tax against the executors, in the proper court, but no authority in support of the position is brought to our notice, and, as at present advised, we are not inclined to adopt it.

The State has a general lien on all the property of the party liable to pay the taxes. 1 G. & H. 100, sec. 113. We do not find any special provision for their payment in the law relating to the settlement of decedents' estates. They are not specially mentioned in the section fixing the order in which the debts of the decedent shall be paid. 2 G. & H. 516, sec. 109.

The judgment is reversed, with costs, and the cause remanded, for further proceedings.

WORDEN, C. J., was absent.