ABBOTT, AUDITOR, ET AL. *v.* EDGERTON.

TAX.—*Delinquency of November Instalment.*—*Penalty.*—Where a person charged with taxes on a tax duplicate in the hands of a county treasurer has paid one-half of said taxes, on or before the third Monday of April of the year following that for which such taxes are imposed, as provided by section 1 of the act of March 8th, 1873, Acts of 1873, Reg. Sess. 205, the penalty provided by the act of December 21st, 1872, Acts of 1872, Spec. Sess. 57, for delinquent taxes, still attaches to the other half of said taxes, unless said other half be paid on or before the 15th of November following, in the same manner as it attaches to the whole amount charged if none or less than one-half be paid on or before the third Monday of April.  Sections 155 and 172 of said act of 1872, are not repealed or amended by said act of 1873, so far as the penalty for the non-payment of said last instalment of the taxes is concerned.   (BIDDLE, J., dissented.)

SAME.—*Collection of Tax on Land, the Owner Having Personalty Within the County.*—*Injunction.*—An injunction will lie at the suit of the owner of land, to prevent the county auditor from advertising it for sale, and the

county treasurer from selling it, for the payment of delinquent taxes thereon, while said owner also owns leviable personal property within the county, sufficient to pay said taxes.

From the Allen Circuit Court.

*R. C. Bell* and *C. A. Buskirk*, Attorney General, for appellants.

*W. H. Coombs* and *J. Morris*, for appellee.

BIDDLE, J.—Joseph K. Edgerton brought this action against William A. Abbott, auditor, and John Ring, treasurer of Allen county, to enjoin the collection of certain penalties and interest upon taxes assessed against certain lands owned by the appellee. The facts alleged in the complaint necessary to present the questions involved may be stated as follows:

That the appellee is the owner of certain lands in Allen county, describing them, which are charged with taxes, stating the amounts, for the year 1873; that he paid one-half of said taxes to said treasurer before the third Monday in April, 1874, according to the act of March 8th, 1873, Acts Reg. Sess. 205; that the balance of said taxes remains unpaid; that the treasurer, after the 15th day of November, 1874, returned said lands to the auditor as delinquent, for the non-payment of the balance of the taxes thereon, due on the said 15th day of November, 1874; that the auditor has recorded said lands in his office as delinquent, and charged thereon the amount of said unpaid taxes, with interest and a penalty of ten per cent. and the taxes for the current year, 1874; and has also delivered to the treasurer a list of said lands as delinquent, and is about to advertise the same for public sale, on the second Monday of February, 1875, to pay said taxes, interest and penalty; that as soon as the appellee was informed of these facts, he protested against such intended action by the auditor; that on the 21st day of December, 1874, the appellee, having learned that the duplicate was in the hands of the treasurer for collection, tendered to him the amount of taxes for the year 1873,

remaining unpaid, exclusive of any penalty and without interest, which amount was refused; that the appellee, on the 22d day of December, 1874, delivered a written notice to the auditor not to so advertise said lands, that the appellee had personal property within the county sufficient to satisfy the unpaid taxes, that he was willing to pay the same and had tendered the amount to the treasurer, which he had refused to accept; to which notice the auditor replied, that he should proceed to advertise and sell said lands as intended; that the appellee is a resident of said county, and has sufficient personal property therein to pay all taxes lawfully assessed against said lands that now remain unpaid; that no levy or other effort has been made to collect said unpaid taxes from the personal property of said plaintiff; that the auditor still threatens to so list and advertise said lands, and before the appellee can give the proper notice of this application, will commence the publication of said lands for sale, as delinquent.

Prayer, that the auditor be enjoined from so listing and advertising said lands, and that the treasurer be enjoined from collecting said interest and penalties, and for general relief.

A demurrer to the complaint, for alleged insufficiency of facts, was overruled. Judgment on the demurrer, enjoining the auditor from advertising the lands, and enjoining the treasurer from selling the same, or assessing a penalty thereon. The proper exceptions were reserved, and an appeal taken.

Section 155 of the act approved December 21st, 1872, Acts Spec. Sess. 1872, 101, reads as follows:

"Sec. 155. In case any person shall refuse or neglect to pay the tax imposed on him, the county treasurer shall, after the third Monday of April, levy the same, together with ten per centum damages, and the costs and charges that may accrue, by distress and sale of the goods and chattels of such person who ought to pay the same, wherever the same may be found within the county: *Provided,* that the county treas-

urer shall at all times have power to levy and collect [delinquent] or other than a current year's taxes; and it is hereby made such treasurer's duty to levy and collect such delinquent taxes, whether they be charged upon a current year's duplicate, or otherwise, as well before as after his return and settlement for a current year's taxes."

Section 172 of the same act reads as follows: "There shall be a penalty assessed of ten per cent. upon the amount of taxes returned delinquent, which the persons or property assessed shall be liable to pay, together with interest upon the whole amount till paid." Acts Spec. Sess. 1872, 104.

The first section of the act of March 8th, 1873, Acts of Reg. Sess. 1873, 205, which is supplementary and amendatory to the act of December 21st, 1872, reads as follows:

"Section 1. * * That each person or taxpayer charged with taxes on a tax duplicate in the hands of a county treasurer, may pay the full amount of such taxes on or before the third Monday in April, or may, at his option, pay one-half thereof on or before the said third Monday in April, and the remaining half on or before the fifteenth day of November following: *Provided, however,* that all road taxes so charged shall be paid prior to the fifteenth day of November in the manner prescribed by law: *And provided further,* that in all cases where as much as one-half of the amount of tax charged against a tax payer shall not be paid on or before the third Monday in April, the whole amount charged shall become due and be returned delinquent, and collected as provided by law: *And provided further,* that the provisions of sections one, two and three of this act shall not apply to the tax for the year 1872."

The fourth section of the act of March 8th, 1873, which is an amendment of section 159 of the act of December 21st, 1872, and therefore is the one now in force, reads as follows:

"Sec. 4. * * The several county treasurers be and are hereby required immediately after their April settlement with the county auditor, either in person or by deputy, to call upon every delinquent tax payer in their respective

counties, and if necessary to distrain property for the collection of such delinquent tax, together with ten per centum damage, and the costs and charges that may accrue." Acts Reg. Sess. 1873, 206.

The remainder of this section refers to the settlement of the treasurer with the auditor, and does not, as we can perceive, affect this case; and we think that what we have quoted from the two acts is all the statute law that bears upon the questions we are considering. The act of March 8th, 1873, repealed all acts or parts of acts conflicting with its provisions.

Section 1 of the act of March 8th, 1873, repeals sections 155 and 172 of the act of December 21st, 1872, so far as it is in conflict with them. Sections 155 and 172 impose the penalty on taxes, if not paid before the third Monday of April in each year. Section 1 of the amendatory act relieves the tax of its penalty in all cases where one-half of it is paid before the third Monday in April; but in cases where none, or less than half, before that day, has been paid, the penalty still attaches. The remaining half of the tax may be paid on or before the fifteenth day of November following. A majority of the court are of opinion that the penalty still attaches to the deferred payment of one-half of the tax, unless it is paid on or before the fifteenth of November, the same as it does on the whole amount, if none or less than half is paid on or before the third Monday of April; that sections 155 and 172 are not repealed or amended by the act of March 8th, 1873, so far as the penalty for the nonpayment of the last instalment of the tax is concerned; and. that this construction reconciles and gives uniformity to both acts.

We are all of the opinion that the auditor could not legally advertise, nor the treasurer legally sell, the land, while the appellee owned leviable personal property within the county sufficient to pay the taxes assessed against him. *Catterlin* v. *Douglass*, 17 Ind. 213; *Bowen* v. *Donovan*, 32 Ind. 379; *Ring* v. *Ewing*, 47 Ind. 246.

And there is no doubt in our minds but that an injunction was the proper remedy to relieve the appellee. *The Toledo, etc., R. R. Co.* v. *The City of Lafayette,* 22 Ind. 262; *McPike* v. *Pen,* 51 Mo. 63; *Green* v. *Beeson,* 31 Ind. 7; *Pugh* v. *Irish,* 43 Ind. 415; *Knight* v. *The Flat Rock, etc., Turnpike Co.,* 45 Ind. 134.

The judgment is affirmed, with costs.

WORDEN, J., was absent.

BIDDLE, J.—I concur with the conclusion of the opinion as above written, but, in my view, no penalty can rightfully attach for the non-payment of the November instalment of the tax.

It is a familiar maxim of the law, in which we all concur, that penal statutes must be construed strictly; but in the application of this well-settled rule to the present case, I do not agree with the majority of the court.    The penalty upon taxes, for their non-payment within a given time, is, at best, but a kind of "smart money" inflicted on the taxpayer for a mere failure to do an act, without any commission of wrong on his part, or any opprobious fault of omission, to be collected summarily, without trial or judgment.    Such a penalty must be strictly construed.

Section 172 was enacted in reference to the penalty incurred under section 155.    At the time it was so enacted, there was no law declaring a penalty for the non-payment of tax due on or before the fifteenth day of November.    It can not, therefore, have any reference to such delinquency. There is no section, clause or sentence in either of the two acts which imposes a penalty for the non-payment of tax, except the delinquency occurs on the third Monday of April.    No penalty is declared anywhere for the non-payment of the second instalment of tax, which need not be paid before the fifteenth day of November following.    Section 4 cannot be so construed, for that refers to the action of the treasurer immediately after his settlement with the auditor, and can be applicable only to taxes where none, or less than one-half, was paid before the third Monday of

April previous. Besides, a penalty cannot be imposed by implication or construction. It must rest upon express statute law. This is a firmly settled principle. It is very clear that the act of 1873 imposes no penalty for the non-payment of the November instalment of taxes, and to hold that section 172 of the act of 1872 imposes such penalty, when none existed at the time, and none such has been created since, seems to me not only unwarranted by the acts themselves, but unsound in reason, and unsafe to legal rights. In *Smith* v. *The State of Maryland,* a late case decided by the Court of Appeals of Maryland, but not yet reported, it was held, that "the repeal of a law imposing a penalty is of itself a remission of the penalty when there is no reservation." In my judgment, this expresses the true principle upon which the case before us should be decided.