Hillsborough, }
Nov. 7, 1911. }

## ELLIOTT *v.* MASON.

A town which maintains an uncovered ditch at the side of a highway, in such manner as to unreasonably interfere with the occupation and enjoyment of adjacent land, is not liable in an action for nuisance to one who is injured thereby while using the adjoining premises as a bare licensee of the owner.

CASE, for personal injuries. The declaration alleged, in substance, that the defendants maintained a private nuisance by the side of a highway adjacent to a lot of land, which consisted of an uncovered ditch running parallel with the highway and along said lot; that the landowner had a private way from his premises across the ditch to the highway; that the ditch was made without the owner's consent and rendered travel over his private way unsafe and dangerous; and that the plaintiff, with the permission of the landowner, was traveling over the private way with his team to the highway when he was injured by being thrown to the ground in consequence of the uncovered ditch. The defendants demurred to the declaration, and the question raised thereby was transferred without a ruling from the January term, 1911, of the superior court by *Mitchell*, J.

*John M. Stark* and *Fremont E. Shurtleff* (*Mr. Shurtleff* orally), for the plaintiff.

*Henry A. Cutter* (by brief and orally), for the defendants.

WALKER, J. The plaintiff's position, as we understand it, may be stated thus: The uncovered ditch which the defendant maintains by the side of the highway renders the approach from the highway to the adjoining landowner's premises dangerous and unreasonably inconvenient, and as to the landowner constitutes a private nuisance; the plaintiff at the time of his injury was the landowner's licensee for the purpose of traveling upon his private way; from these premises he deduces the conclusion that in the right of the owner he is entitled to maintain this action for the recovery of the damages he suffered from the alleged nuisance. He argues that if the owner of the abutting land could recover damages caused by the uncovered ditch, he has the same right under his license from the owner. But the fallacy of the argument consists in the assumption that his license to travel over the owner's private way gave him the rights of an owner of the land with respect to nuisances maintained upon adjoining land.

Under the law of this state, the ownership of land does not include the right to an unreasonable use of it which deprives an adjoining owner of the reasonable enjoyment of his land. The rights of adjoining proprietors of land are reciprocal and are determinable by the doctrine of reasonable user. "The doctrines of reasonable necessity, reasonable care, and reasonable use prevail in this state in a liberal form, on a broad basis of general principle." *Haley* v. *Colcord*, 59 N. H. 7, 8; *Davis* v. *Whitney*, 68 N. H. 66; *Ladd* v. *Brick Co.*, 68 N. H. 185; *Franklin* v. *Durgee*, 71 N. H. 186; *Horan* v. *Byrnes*, 72 N. H. 93; *Hamlin* v. *Blankenberg*, 73 N. H. 258; *Moore* v. *Company*, 74 N. H. 305. And this principle is as applicable to towns in their qualified ownership and control of highways as to individuals. *O'Brien* v. *Derry*, 73 N. H. 198, 204. If the defendant town in leaving the ditch uncovered, over which the adjoining owner must pass in order to go to and from his land, made an unreasonable use of the highway in view of the owner's reasonable occupation and enjoyment of his land, it may be guilty of maintaining a nuisance as to him. It might be said that its use of the highway in this particular was not justifiable and that it ought to respond in damages to the landowner for any injury he is thereby

compelled to suffer in the proper use and enjoyment of his property. If it is assumed that this is a correct statement of the liability of the defendant to the one in possession of the adjoining land, it is necessary for the plaintiff to show that there is a similar liability on the part of the town to a bare licensee of the owner, who has no legal interest in the land and who is not therefore deprived of any enjoyment of the rights of its use and occupancy, as the owner may be, or as a tenant might be. A merely temporary, transient occupation by a licensee or a visitor does not invest him with a legal interest in the land. The license "does not convey any right or estate in the land, and amounts to nothing more than an excuse for an act which would otherwise be a trespass." *Blaisdell* v. *Railroad*, 51 N. H. 483, 485.

Though the question thus presented is somewhat novel, it has claimed the attention of the courts in a few cases. In *Ellis* v. *Railroad*, 63 Mo. 131, it appeared that the defendant by one of its locomotives ran onto and killed a horse near the house occupied by the plaintiff's husband and his family, and left the dead animal there, which soon created a nauseating stench and made the plaintiff sick. Her action was brought to recover damages for her physical suffering caused by the nuisance. But she failed in her suit for the reason that she was not in the possession of the premises occupied by the family. The court say that the defendant "was guilty of a private nuisance, for which it rendered itself liable to an action by the person in possession of the house. The right of action in this case was in the husband of the plaintiff, he being the occupier and in the rightful possession of the house with his family, by contract with the owner of the property. Had the husband brought this suit it could have been maintained."

"We have found no case where a private action has been maintained for corruption of the air by offensive odors, except by a plaintiff who was the owner of or had some legal interest, as lessee or otherwise, in land, the enjoyment of which was affected by the nuisance." *Kavanagh* v. *Barber*, 131 N. Y. 211, 214. In that case the house was owned by the plaintiff's wife, and the family lived "in the house by sufferance of the wife"; but for the reason above suggested, he was not permitted to recover for "the personal discomfort to which he was subjected in the occupation of the house." This doctrine was affirmed in *Hughes* v. *Auburn*, 161 N. Y. 96, where it was held that, while a city may not conduct sewage into the house or upon the premises of an individual, and, if it does, is

responsible to him in damages for the trespass or nuisance, the injury is one to property for which the owner alone may demand redress, and a member of his family has, as such, no special remedy against the municipality for personal suffering caused by its neglect of sanitary precautions against disease.

These cases are criticised in *Thompson* v. *Railway*, 97 Tex. 590, where an opposite result is reached. But the criticism is not convincing, and the decision seems to overlook the distinction between an action for negligence and one for a nuisance. The opinion cites approvingly but two cases—*Hunt* v. *Gas Light Co.*, 8 Allen 169, and *Holly* v. *Gas Light Co.*, 8 Gray 123—both of which were actions for negligence. When a person manages his real estate in such a way as to unreasonably interfere with the correlative right of his neighbor to a reasonable enjoyment of his land, it is no justification for the nuisance for the former to prove that he was guilty of no negligence, or that he exercised due care in what he did. The question is: Has he invaded the proprietary right of his neighbor? If the necessary result of his act is to injure the latter in the reasonable enjoyment of his property, "the law of negligence has no application and the law of nuisance applies." *Bohan* v. *Gas Light Co.*, 122 N. Y. 18, 26; *Boston Ferrule Co.* v. *Hills*, 159 Mass. 147; Joyce Nuis., *s.* 18; Wood Nuis., *s.* 841; 29 Cyc. 1155. "But such liability does not rest upon the doctrine of negligence. It exists irrespective of that doctrine. The inquiry is, not whether the town has negligently failed in its duty to the plaintiff, but whether for any reason it has deprived him of that reasonable enjoyment of his land to which under the circumstances he was entitled." *O'Brien* v. *Derry*, 73 N. H. 198, 205; *Lockwood* v. *Dover*, 73 N. H. 209; *Roberts* v. *Dover*, 72 N. H. 147; *Lane* v. *Concord*, 70 N. H. 485.

The cases cited by the plaintiff (*Paul* v. *Hazleton*, 37 N. J. Law 106; *Miller* v. *Greenwich*, 62 N. J. Law 771; *Case* v. *Weber*, 2 Ind. 108) do not support the plaintiff's contention that permission of the owner to drive over his private way gave the plaintiff such an interest in the land that he could maintain an action for the nuisance, if the owner could. In those cases the plaintiffs were in the actual beneficial possession of lands under parol licenses from the owners which amounted to a parol letting. They had in fact the rights of a tenant at will and not merely the temporary rights of a traveler who is permitted to pass over a private way for his own pleasure or convenience. Moreover, the injuries complained of were to prop-

erty rights claimed by the plaintiffs, and not merely personal injuries occasioned by the defendants' violation of their proprietary duty to an adjoining landowner.

If instead of being thrown from his carriage and injured, as alleged, the plaintiff in attempting to pass from the private way to the highway had observed the dangerous condition of the ditch and had been put to some inconvenience in passing over it, or had come to the conclusion that the town was maintaining a nuisance at that place with reference to the use of the private way, would it be contended that, because he was upon the way by the permission of the owner, he was entitled to maintain a suit for this invasion of the owners' right of property? The mere fact that his damages might be small or nominal would not deprive him of the right, if he had it. Nor does the fact that he suffered serious injury have the effect of giving him the right. If anybody's right has been infringed, it is the landowner's right to the reasonable enjoyment of his property; and this is a right which he could not confer upon another without investing him with the title or the right to the possession of the land or some part of it. The plaintiff's rights with reference to the nuisance were not greater after he got permission to use the private way than they were before. The existence of the private way was presumably an invitation to all persons to use it for proper purposes, but it did not invest them, when so using it, with a proprietary right in the land; one sufficient reason being that the parties did not intend it should have that effect. If the landowner had had the same experience in crossing the ditch that the plaintiff had, his action would be based upon the defendant's infringement of his right to the reasonable enjoyment of his land. After showing the fact of his lawful occupation of the land as an owner or tenant and the injury to his reasonable enjoyment of the land by the defendant in permitting the nuisance to exist, his right to redress would be established. But in the absence of proof of such facts he would fail in his suit, however great his injuries might be. Wood Nuis., s. 853. Whether the facts of the particular case would sustain an action for negligence is a different and immaterial question in determining the plaintiff's right to recover for a nuisance affecting the reasonable enjoyment of the possession of real estate. So far as the plaintiff's declaration is based on his right as a mere licensee of the owner, the demurrer thereto must be sustained; and it would seem that he

could not recover as a traveler on the highway for the defendant's alleged negligence in suffering the uncovered ditch to exist. *Drew v. Bow,* 74 N. H. 147.

*Case discharged.*

All concurred.