Rockingham, <br>
Oct. 7, 1913.

## MARY A. BURNHAM *v.* WINDHAM.

A town which maintains a culvert for the purpose of diverting water from a highway is bound to exercise reasonable care for the prevention of damage to adjoining property; and evidence of injury to such property by reason of a defect which the town officers failed to remedy after due notice warrants a finding of negligence on the part of the municipality.

Although the cellar-drain of a dwelling may have served no useful purpose for many years, a town with knowledge of its existence is bound to consider it in constructing and maintaining a water-course in an adjoining highway.

One sued for intentionally maintaining a nuisance upon his premises cannot evade liability on the ground that the plaintiff had the right to enter and abate the condition complained of.

CASE, for negligently maintaining a culvert in a highway in the defendant town, in consequence of which negligence the plaintiff's cellar was flooded in March, 1911. Trial by jury and verdict for the plaintiff. Transferred from the April term, 1912, of the superior court by *Pike*, J., upon the defendant's exceptions to the denial of motions for a nonsuit and the direction of a verdict in its favor.

The plaintiff's dwelling adjoins the highway on the north. Some fifty years ago a drain was constructed from the bottom of the cellar to the surface of the ground, at a point about six feet north of where the culvert under the road was subsequently constructed. The object of the culvert was to allow the water from the west side of the highway to pass through to the east side. There was evidence that in 1888 the water backed up and flooded some of the plaintiff's land and that the town was then notified of this condition. Up to this time there had never been any water thrown back into the plaintiff's cellar. A day or two prior to March 10, 1911, there was a large rainfall; and on that day the water in the culvert became frozen, so that backwater on the plaintiff's land could not pass through. The plaintiff's evidence tended to show that this condition caused the water to flow back through the drain and into her cellar, occasioning the damage complained of; also that the culvert was out of repair so that it had become clogged up.

It appeared in evidence that on March 12 the plaintiff notified the selectmen of the town of the situation and that on the following day they looked the premises over. March 15, some work was done by the town on the culvert and subsequently abandoned. The

water in the culvert was then frozen solidly. Water to the depth of about three feet remained in the plaintiff's cellar until March 30, when it suddenly went out. There was evidence from which the jury could find that the culvert might have been opened for the flow of the water at any time, and that the defendant did not use ordinary care to remove the obstruction after it was notified of the damage to the plaintiff's property.

*Charles J. Hamblett, Marshall D. Cobleigh,* and *Kelley & Hatch,* for the plaintiff.

*Eastman, Scammon & Gardner,* for the defendant.

WALKER, J. The plaintiff's evidence authorized a finding by the jury that the defendant did not, at the time of the injury complained of, manage and control the flow of water in its culvert in a reasonable manner, and that in consequence of its unreasonable mismanagement in this respect damage was inflicted upon the plaintiff's property. After it was notified by the plaintiff that the water, which ordinarily would flow through the culvert, was forced back into her cellar, it had full knowledge of the existence of the cellar drain and of the stoppage in the culvert. There was evidence that the town, in the reasonable exercise of its control of the highway, could have removed the obstruction in the culvert and caused the water to flow from the cellar. This conclusion of fact, upon which the verdict was evidently based, authorized the instruction which was given, and to which no exception was taken, that the town was bound to exercise reasonable care in maintaining the highway not to unnecessarily damage the plaintiff's adjoining property. *Clair* v. *Manchester,* 72 N. H. 231; *O'Brien* v. *Derry,* 73 N. H. 198, 204; *Elliott* v. *Mason,* 76 N. H. 229.

The fact that the plaintiff's drain had served no useful purpose for many years does not show that it was unreasonable for her to have such an outlet for water that might get into her cellar. It was a part of the construction of her house, which, upon knowledge by the defendant of its existence, it was bound to consider in constructing and maintaining its highway. At least, it was competent for the jury to find that she was maintaining her premises in a reasonable way.

The contention that the plaintiff herself might have removed the obstruction in the culvert if it was causing damage to her

(*Groton* v. *Haines*, 36 N. H. 388) is hardly entitled to serious con- sideration. It would be a somewhat novel doctrine to hold that it is a good defence for one sued for intentionally maintaining a nuisance upon his land to show that the plaintiff might have entered and abated the nuisance.

As there was no exception to the charge to the jury, the rule of damages announced by the court must be deemed to have been satisfactory to the defendant; and as the case finds that there was evidence that the damages as found by the jury were caused after the defendant had knowledge of the situation and might have rem- edied the defect in the culvert, the defendant has no ground for complaint in this respect.

*Exceptions overruled.*

All concurred.