Nelson *et al. v.* Davis.

———o———

## NELSON ET AL. *v.* DAVIS.

MISTAKE.—*Reforming Deed.*—To entitle a party to have a deed reformed on the ground of mistake, it must be shown that the intention and agreement of both parties to the deed were by mistake misrepresented by the terms of the deed.

SAME.—*Mistake of Law.*—Where it is sought to reform a written instrument on the ground of mistake, and it is not shown but that the instrument speaks just as the parties desired it should, the mistake is a mistake of law as to the legal effect of the terms of the instrument; and for mistake of law, except in cases of peculiar character, no relief can be granted.

APPEAL from the Posey Circuit Court.

WORDEN, J.—This was an action by the appellants against the appellee, to recover possession of certain real estate. The plaintiffs claimed as heirs-at-law of William and Jane Rogers. William and Jane Rogers, for the consideration of

eight hundred dollars, had conveyed the property to Preston C. Rogers and John Cox, as trustees for Elizabeth Rogers, by deed dated November 8th, 1842, with the following *habendum* clause: "To have and to hold the above bargained and sold premises with the appurtenances unto them, the said Preston C. Rogers and John Cox, as trustees for the said Elizabeth, and for her sole and proper benefit and behoof, and for no other purpose whatever, during the natural life of the said Elizabeth; and at her death to descend to the children of the said Elizabeth, if any she have, and if not, to her assigns forever."

The defendant claimed, under a conveyance in fee from the said Elizabeth and her husband, she having intermarried with one Harrison Newsome. William and Jane Rogers died in 1845, and before the commencement of this action the said Elizabeth died without issue.

The complaint alleges all the facts. The case has heretofore been in this court, wherein we held that the complaint was good. We also held, after a careful consideration, that the deed of William and Jane Rogers only conveyed a life interest to said Elizabeth. 35 Ind. 474.

After the cause went back from this court the defendant answered, first, by general denial; second, "that in drawing the deed for said land from Rogers and wife to trustees for Elizabeth, there was a mistake and error committed, in this, viz.: that it was the intention of said Rogers and wife to deed said land to the children of Elizabeth, if she should have any, but if not, that said Elizabeth should take in fee without any restraint but that of conveying to the prejudice of her children; wherefore defendant prays said deed may be in that respect reformed."

The plaintiffs demurred to the second paragraph of the answer for want of sufficient facts, etc., but the demurrer was overruled, and they excepted. The plaintiffs declined to reply and final judgment was rendered for the defendant.

The question presented for our decision involves the correctness of the ruling on the demurrer.

The answer, in our opinion, was fatally defective, and the demurrer should have been sustained. It may be gathered from the averments of the answer, taken in connection with the terms of the deed as executed, that it was the intention of the grantors to convey to said Elizabeth an estate for life, with remainder in fee to her children, contingent upon the event of her having children, with further remainder in fee to herself, contingent upon the event of her having no children. We need not inquire whether a further remainder could have been created, after the creation of the first contingent remainder in fee.

We pass by this and kindred considerations, and assume that if the intention of the grantors had been carried out, the fee would, in some way, have been vested in Elizabeth, she having no children.

The answer alleges only what was the intention of the grantors, and is silent as to the intent of the grantees. "Equity interferes in cases of written agreements, where there has been an innocent omission or insertion of a material stipulation, contrary to the intention of both parties." 1 Story Eq., sec. 155. We quote the following paragraph from the opinion of Brown, J., in the case of *Nevius* v. *Dunlap*, 33 N. Y. 676: "The rule is well expressed by Chief Justice Spencer, in delivering the opinion of the court of errors in *Lyman* v. *The United Insurance Co.*, 17 Johns. 373: 'It is not enough in cases of this kind to show the sense and intention of one of the parties to the contract. It must be shown incontrovertibly that the sense and intention of the other party concurred in it; in other words, it must be proved that they both understood the contract as it is alleged it ought to have been, and in fact it was, but for the mistake. It would be the height of injustice to alter a contract on the ground of mistake, when the mistake arises from misconception of one of the parties in consequence of his imperfect explanation of his intentions. If it be clearly shown that the intention of one of the parties is mistaken and misrepresented by the written contract, that cannot avail

unless it be further shown the other party agreed to it in the same way, and that the intention of both of them was by mistake misrepresented by the written contract.' "

But there is, if possible, a still more fatal defect in the answer. It is not alleged that anything was omitted in the deed that was directed to be inserted, or that anything was inserted, by mistake or otherwise, contrary to the direction of the parties. The instrument speaks, for aught that appears, just as the parties desired that it should. The mistake, then, if any was made, was a mistake of law as to the legal effect of the deed as executed.

It may, perhaps, be supposed that a scrivener was employed to prepare the deed, to whom the parties explained their purposes in the matter, and that he prepared such an instrument as he supposed would be available in carrying them out, and that the grantors executed it, all parties supposing that the terms employed would be sufficient to effectuate such purposes. If so, and if in this they were mistaken, it was a mere mistake of law, from which, except in cases of peculiar character, no relief can be granted. 1 Story Eq., sec. 116; *Oiler* v. *Gard*, 23 Ind. 212.

The judgment below is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.

*E. M. Spencer* and *W. Loudon*, for appellants.

*J. Pitcher* and *H. C. Pitcher*, for appellee.