Schoonover *v.* Dougherty *et al.*

---

## Schoonover *v.* Dougherty et al.

**Mistake.**—*Complaint to Reform Deed.—Subsequent Encumbrancer.*—In an action by the grantee, against the grantor, and an execution creditor and the sheriff, to reform a conveyance of real estate, and to enjoin a threatened sale on such execution, the complaint alleged, that, "through the mistake, inadvertence and oversight of the grantor and of the draftsman of said deed," a tract of real estate which the grantor did not own, instead of the tract which he did own and which he had sold and intended to convey to the grantee, was described in the deed ; that the deed was duly recorded, within fifteen days after its execution and delivery ; and that, between the execution and the recording of the deed, a judgment had been rendered in favor of such creditor and against the grantor, in the circuit court of the county wherein the real estate lay, and that it was about to be sold on execution issued on such judgment.

*Held,* on demurrer by the execution creditor, that, for want of an allegation that such misdescription was the result of a mutual mistake by the grantee, as well as by the grantor and draftsman, the complaint is insufficient.

From the Warren Circuit Court.

*J. A. Stein, A. O. Behm, J. Park* and *G. O. Behm,* for appellant.

*M. Milford,* for appellees.

Howk, C. J.—In this action, the appellant sued the appellees, in a complaint of a single paragraph, to obtain the reformation of a certain conveyance of real estate, and an injunction against the appellees. The suit was against other defendants, in addition to the appellees; and, as to said other defendants, the appellant obtained a judgment by default.

The appellees demurred to the appellant's complaint, upon the ground that it did not state facts sufficient to constitute a cause of action against them, which demurrer was sustained by the court, and to this ruling they excepted. The appellant refusing to amend his complaint, judgment was rendered against him, in favor of the appellees, Josiah S. and David Dougherty, on their demurrer, for their costs. It is from this latter judgment, that the appellant has appealed to this court; and he has here assigned, as error, the decision of the circuit court, in sustaining the appellees' demurrer to his complaint. By this error, the only question presented for our decision is this: Does the appellant's complaint state facts sufficient to constitute a cause of action in his favor, and against the appellees, Josiah S. and David Dougherty?

As necessary to the proper understanding and determination of this question, we will give a summary of the facts stated in the appellant's complaint. The appellant alleged, in substance, that, on the 22d day of June, 1875, the defendants Stephen D. Briggs and Rebecca J. Briggs, his wife, for a valuable consideration to them rendered, executed, acknowledged and delivered to the appellant a warranty deed, which was recorded on July 7th, 1875, by the recorder of Warren county, Indiana, and was set out at length, with the certificate of acknowledgment, in said

complaint; by which said deed the grantors therein conveyed and warranted to the appellant, for the sum of four thousand dollars, the following real estate in Warren county, Indiana, to wit: The south-east quarter of section 12, in township 21 north, of range 9 west, containing forty acres more or less; that, in the execution of said deed, the defendants Stephen D. and Rebecca J. Briggs, in truth and in fact, intended to convey and warrant to the appellant the south-east quarter of the north-east quarter of said section 12, in township 21 north, of range 9 west, in said Warren county, containing forty acres more or less, being the only land in said county then owned by said grantors; but that, through the mistake, inadvertence and oversight of said grantors, and of the draftsman of said deed, the land so intended to be conveyed was erroneously described as the south-east quarter of said section 12, which mistake escaped the attention of said grantors and of the appellant until long after said deed was recorded; that, at the June term of the Warren Circuit Court, and after the delivery of said deed, to wit, on the 26th day of June, 1875, the appellees, Josiah S. and David Dougherty, recovered a personal judgment, in said court, against said Stephen D. Briggs for $1,200.00 damages, and costs, upon which judgment an execution had been issued in due form, duly tested by the clerk and seal of said court, and directed to the sheriff of said county; that said execution had come to the hands of the defendant Mahlon J. Haines, then sheriff of said county, who had levied the same upon the said south-east quarter of the north-east quarter of said section 12, as the property of the defendant Stephen D. Briggs, and had caused the same to be advertised, in the manner prescribed by law, to be sold at sheriff's sale, on Saturday, the 9th day of October, 1875, between the hours of 10 A. M. and 4 P. M. of said day; that, by reason of the premises, the appellant was entitled to have said deed reformed so

Vol. LXV.—30

that it should be held to convey to him the land originally intended to be conveyed; that the sheriff's threatened sale of said land would produce great injury to the appellant, pending this litigation, as it might result in the sale of the land to a party innocent of the appellant's equities therein, and thereby tend to render ineffectual the relief which the appellant might be entitled to in this action; that all the said acts prejudicial to the appellant's interests were being done, and threatened to be consummated, by the appellees and said sheriff; and that an emergency existed why they should be restrained immediately from proceeding further with said sale, until the final hearing of this cause, or until the further order of the court. Wherefore the appellant prayed judgment for the reformation of his deed, so that it might correctly describe the land intended to be conveyed thereby, that his title thereto should be established, as of the date of said deed, free and clear from the lien of the appellees' said judgment, and that the appellees and the sheriff might be perpetually enjoined from levying upon or selling said land under any execution issued, or to be issued, on said judgment, and for other proper relief.

It is very clear, we think, that the appellant's complaint did not state facts sufficient to constitute a cause of action against the appellees, Josiah S. and David Dougherty. They were strangers to the deed which the appellant was seeking to have reformed in this action. Within four days after the date of the deed, the appellees obtained a judgment against the defendant Stephen D. Briggs, the grantor in said deed, in the circuit court of the county in which the grantor's real estate was situate, and thus acquired a valid and subsisting lien upon and interest in any real property in said county, then owned by the judgment defendant. It will be observed, that there is no allegation of any mistake on the part of the appellant, the grantee named in the deed, which he seeks to have re-

formed, in this suit, or that the alleged mistake in the drafting, execution and delivery of the deed, was the mutual mistake of all the parties thereto, of the grantee as well as of the grantors therein. Where a party brings an action to obtain the reformation of a deed or other written instrument, by the correction of an alleged mistake of fact therein, his complaint must show by the facts stated therein, that the mistake in question was the mutual mistake of all the parties to such deed or instrument, or the courts will not, as a rule, rectify and correct such mistake, by the reformation of such deed or instrument. This must be regarded as the settled law of this State, on the subject now under consideration. *Nelson* v. *Davis*, 40 Ind. 366; *Allen* v. *Anderson*, 44 Ind. 395; *Baldwin* v. *Kerlin*, 46 Ind. 426; *Barnes* v. *Bartlett*, 47 Ind. 98; *Heavenridye* v. *Mondy*, 49 Ind. 434; and *Nicholson* v. *Caress*, 59 Ind. 39.

Another point is made by the appellees' counsel, in discussing the sufficiency of the facts stated in the appellant's complaint to constitute a cause of action. Counsel insists that the complaint was fatally defective, on the appellees' demurrer thereto, because it did not state, in clear and precise terms, what consideration, if any, the appellant had actually paid, or agreed to pay, for his deed which he sought to have reformed in this action. Of course, if the appellant was a mere volunteer, in accepting his deed from the grantors, he would not have been entitled, even as against them, and much less so as against the appellees, who were strangers to the deed, to the reformation of the deed and the correction of any mistake of fact therein. *Andrews* v. *Andrews*, 12 Ind. 348; *Froman* v. *Froman*, 13 Ind. 317; *Randall* v. *Ghent*, 19 Ind. 271. But we need not and do not consider or decide the sufficiency of the complaint in this regard. Upon the first ground of objection, the failure to allege in the complaint, that the mistake of

fact in the deed was the mutual mistake of all the parties thereto, the appellees' demurrer to the complaint was correctly sustained.

The judgment is affirmed, at the appellant's costs.

Opinion filed at November Term, 1878.
Petition for a rehearing overruled at May Term, 1879.