## DOWELL *v.* CAFFRON.

CONVEYANCE OF REAL ESTATE.—*Breach of Covenant.*—*Mistake in Description.*—*Reformation of Deed.*— *Tender.*—In an action upon the covenants

Dowell *v.* Caffron.

in a deed of conveyance of real estate, alleging as a breach that the defendant had no title to, and did not put the plaintiff in possession of, the real estate described, an answer, alleging that, at the time the defendant executed the deed, he was the owner of certain described real estate, which he had sold to the plaintiff, and for the purpose of conveying which to the plaintiff the deed in question was made, but that by a mistake of one H., who drew up said deed, it was made to contain other land than that intended to be conveyed, and that the defendant is ready to execute and deliver to the plaintiff a warranty deed for the land intended to be conveyed, but not alleging how the scrivener fell into the mistake, nor that it was mutual, is insufficient. *Quære?* Whether a mistake in the description of land can be pleaded in bar of an action upon the covenants in a deed.

From the Pulaski Circuit Court.

*D. B. McConnell,* for appellant.

*J. C. Nye* and *N. L. Agnew,* for appellee.

WORDEN, J.—This was an action by the appellant, against the appellee, upon the covenants contained in a deed of conveyance of certain real estate described therein, executed by the defendant to the plaintiff; it being alleged in the complaint that the defendant had no title to, and did not put the plaintiff in possession of, the real estate described.

The second paragraph of the defendant's answer was as follows:

"And for a second and further answer the defendant says, that, at the time he executed and delivered said deed, he was the owner of the following real estate in Pulaski county and State of Indiana, being bounded and described as follows, to wit:" (Here follows the description). "That this defendant had sold said real estate to said plaintiff, and that, for the purpose of conveying the same to said plaintiff, he made and executed the deed referred to and set out in the plaintiff's complaint; that by a mistake of one Nathan S. Hayne, who drew up said deed, it was made to contain the land therein described, instead of the land intended to be conveyed as

aforesaid and sold by the defendant to said plaintiff; that said defendant was not, at the time of the execution of said deed, aware of the said mistake; that said defendant has, at all times since he discovered said mistake, been ready and willing to execute and deliver to said plaintiff a warranty deed for the land so intended to be conveyed, and that he now brings into court a warranty deed for said lands, which he is willing and ready to deliver to said plaintiff."

A demurrer for want of sufficient facts to this paragraph of answer was overruled, and the plaintiff excepted. Such further proceedings were had in the cause as that final judgment was rendered for the defendant.

We are of opinion that the paragraph of answer above set out was insufficient, and that the demurrer to it should have been sustained.

It does not appear how the scrivener fell into the mistake imputed to him; whether in not describing the land as directed, or by describing it in his own way, so as to embrace, as he supposed, the land sold. The mistake does not appear to have been mutual. For aught that appears, the description in the deed was just as the plaintiff intended it should be, and embraced the land which he understood he had purchased. A written instrument will not be reformed on the ground of mistake, unless the mistake was mutual. *Nelson* v. *Davis*, 40 Ind. 366. See, also, *The First National Bank of Centreville* v. *Gough*, 61 Ind. 147; and *Schoonover* v. *Dougherty*, 65 Ind. 463, and cases there cited. For this reason we think the paragraph of answer bad.

A query may be suggested whether a mistake in the description of land can be pleaded in bar of an action upon the covenants in a deed. Upon an action for the breach of the covenant of seizin, warranty, etc., should not the defendant, in order to obviate the effect of his covenants,

file a counter-claim, alleging. the mistake and asking for a reformation of the deed, so as to embrace the land intended to be conveyed and to which he had title?

The judgment below is reversed, with costs, and the cause remanded, with instructions to the court below to sustain the demurrer to the second paragraph of the answer.