Smith *et al. v.* Kyler *et al.*

———•••———

No. 6831.

SMITH ET AL. *v.* KYLER ET AL.

PRACTICE.—*Motion to Suppress Depositions.*—*How Made Part of Record.*— A motion to suppress depositions and the ruling of the court thereon must be made a part of the record by bill of exceptions or order of court, to properly constitute a part of the record on appeal.

SAME.—*Pleading Struck Out.*—*How Made Part of Record.*—Where a pleading, or any part thereof, has been struck out or rejected, it will not thereafter constitute a part of the record on appeal, unless made so by bill of exceptions or order of court.

Smith *et al.* *v.* Kyler *et al.*

SAME.—*New Trial.*—*Assignment of Causes.* — *Supreme Court.* —Where-matters constituting proper causes for a new trial are not assigned as such in a motion therefor, their assignment as error on appeal presents no question for the decision of the Supreme Court.  ▪

SAME.—*Assignment of Error.*—*Verdict.*—An assignment of error, that the court erred in rendering judgment on the verdict, does not question the correctness of the verdict, and presents no question for the decision of the Supreme Court.

SAME.—*Judgment.*—*Objections to Form.*—Objections to the form or substance of a judgment can not be presented for the first time in the Supreme Court.

REAL ESTATE, ACTION TO RECOVER.—*Pleading.*—*Complaint.*—The omission of the word "unlawfully," in a complaint for the recovery of real estate, does not render it bad on demurrer thereto for want of facts, if its equivalent in meaning is used therein; and the allegations, that the plaintiffs were entitled to the possession of the real estate, and that the defendants kept them out of it, *without right,* are sufficient.

SAME.—*Mistake in Title Papers Corrected.*— *Quieting Title.*— *Pleading.*— *Practice.*—*Motion to Strike Out.*—*Demurrer.*—In an action to recover the possession of real estate and to quiet title thereto, the plaintiff may. as an incident to such action, under section 71 of the code, 2 R. S. 1876, p. 70, have a mistake in his title papers corrected in such suit, and if the complaint states a good cause of action for the recovery of the real estate and for quieting title thereto, a demurrer will not lie, even though the allegations thereof in regard to the alleged mistake in the deed were defective and insufficient; an objection to the complaint for such cause · can be reached either by a motion to strike out or to make more specific the allegations in regard to the alleged mistake.

PRACTICE.—*Instructions.*— *When not Part of Record.*—*Motion for New Trial.* —*Supreme Court.*—Instructions, whether given or refused. can not be · made a part of the record by setting them out or copying them in the · motion for a new trial, as a cause therefor.  A recital in the motion for · a new trial, that instructions asked for had been refused by the court. can not be taken as true by the Supreme Court, unless the truth thereof be properly shown by the record.

SAME.—*Instructions Refused.*—*Presumption.*—*Record.*—Where the instructions of the court, given upon its own motion, are not made a part of the record, and are not found in the transcript, the Supreme Court will presume that other instructions asked for were properly refused by the · trial court.

SUPREME COURT.—*Objection to Evidence.*—*Practice.*—Where the record' fails to show the ground of objection to the admission of evidence. the · Supreme Court will not consider the question of the admissibility of ' the evidence, nor the objections made thereto in the Supreme Court.

Smith *et al. v.* Kyler *et al.*

TAXES.—*Evidence.— Tax Deed.—Personalty Should be First Exhausted.—*
*Testimony of Auditor of County.*—Where a tax deed fails to show that
the personal property of the delinquent had been exhausted before the
sale of his real estate, or that he had no such property, such deed is
not admissible as evidence of title until such facts are shown *aliunde*;
and the testimony of the auditor of the county where such real estate
is situate, "that the records in his office showed that there was no per-
sonal property assessed" to the delinquent in but one of two years in
which the taxes on the real estate became delinquent, is insufficient to
prove the facts necessary to entitle the deed to be admitted in evidence.

From the Boone Circuit Court.

*C. S. Wesner, T. J. Cason* and *J. L. Pierce,* for appellants.
*R. W. Harrison, R. P. Davidson* and *J. C. Davidson,* for
appellees.

HOWK, C. J.—This was a suit by the appellees against the
appellants to recover the possession of, and quiet the title to,
certain real estate, particularly described, in Boone county,
Indiana.   The cause was first tried by the court, resulting
in a finding and judgment for the appellees.   On the appel-
lants' application, this judgment was vacated and a new trial
was granted them as of right, under the statute.

The issues joined were then tried by a jury, and a verdict
was returned for the appellees, that they were the owners,
and entitled to the possession of the lands, described in their
complaint ; and further, "that, in the deed of conveyance
from William H. Lee and Mary Ann Lee to Russell Hazel-
tine, dated September 1st, 1853, and described in plaintiffs'
complaint, the said southwest quarter of the northwest quar-
ter of section, township and range aforesaid, was by mutual
mistake described as the southeast quarter of the northwest
quarter of said section, township and range ; and said mis-
take in equity ought to be corrected."   The appellants' mo-
tion for a new trial for cause having been overruled, and
their exception saved to this ruling, the court rendered judg-
ment on the verdict for the appellees, as prayed for in their
complaint.

In this court, the appellants have assigned the following decisions of the circuit court as errors:

1. In overruling their motion to suppress the appellees' depositions.

2. In overruling their demurrer to appellees' complaint.

3. In sustaining appellees' motion to strike out the second paragraph of their joint answer.

4. In sustaining appellees' motion to strike out the separate answer of William S. Smith and Sarah J. Tipton.

5. In its finding that appellees were the owners and entitled to the possession of the premises in controversy, and that there was a mistake in the deed from William H. and Mary A. Lee to Russell Hazeltine.

6. In rendering judgment for the appellees for the possession of the real estate in controversy.

7. In making a qualified vacation of the first judgment, in granting a new trial of the cause.

8. In overruling the appellants' motion to set aside a part of the order vacating the first judgment.

9. In overruling their motion for a new trial.

10. In refusing to give the jury certain instructions asked for by the appellants.

11. In rendering judgment on the verdict.

12. In admitting in evidence the deed from William H. and Mary A. Lee to Russell Hazeltine.

13. In sustaining the appellees' objections to the introduction in evidence by the appellants of a tax deed from the auditor of Boone county to David A. Caldwell.

Of these alleged errors, the first, third and fourth were not properly saved by the appellants, and are not apparent in the record. The motion to suppress the appellees' depositions, and the ruling of the court thereon, were not made a part of the record, either by a bill of exceptions or by an order of the court. Section 559 of the code provides that a transcript of motions, etc., which "relate to collateral

matters, and depositions," shall not be deemed parts of the record nor certified as such, unless such motions and other papers are made parts of the record by bills of exceptions or orders of the court. 2 R. S. 1876, p. 242. So, also, with regard to the answers of the appellants, which had been struck out on motion, the errors assigned on these rulings are not shown by the record; for the answers so struck out were not made parts of the record, in either of the modes prescribed by law. When any pleading, or any part thereof has been struck out or rejected, such pleading or part thereof will not thereafter constitute a part of the record, unless it has been made such part thereof either by a bill of exceptions or by an order of the court. *Stott* v. *Smith,* 70 Ind. 298.

The fifth alleged error is simply a prolix statement of the assumed fact, that the finding of the court was not sustained by sufficient evidence. The fifth, tenth, twelfth and thirteenth errors stated matters which would have constituted proper causes for a new trial, in a motion therefor addressed to the trial court; but these matters were improperly assigned as independent errors, in this court. If these matters were assigned by the appellants as causes for a new trial, in their motion therefor, then the only proper assignment of error, in relation thereto, was, that the court had erred in overruling the motion for a new trial; for this assignment of error would bring before this court all the causes properly assigned in the motion for a new trial. But, if these matters were not assigned by the appellants, as causes for a new trial, in their motion therefor, then it is certain that their assignment here, as supposed errors, would present no question for the decision of this court; for it is well settled that this court will not consider any matter constituting a proper cause for a new trial, when it affirmatively appears that the attention of the trial court had not been directed thereto, in the motion for such new trial. *Freeze* v.

*De Puy*, 57 Ind. 188 ; *Walls* v. *The Anderson, etc., R. R.. Co.*, 60 Ind. 56 ; *Lamphier* v. *The State*, 70 Ind. 317.

The sixth and eleventh alleged errors are that the court erred in rendering judgment for the appellees on the ver- dict. These supposed errors present no question for the de- cision of this court. They do not question the correctness. of thé verdict, and the judgment follows the verdict. If the verdict is right, so also is the judgment. Besides, the appel- lants did not object or except below either to the form or- substance of the judgment, nor did they there move for its. modification in any particular. Such objections to a judg-- ment can not be presented in this court for the first time.. *Smith* v. *Tatman*, 71 Ind. 171.

The seventh and eighth alleged errors relate exclusively to the first judgment in this cause. The record shows that- after these errors were committed as alleged, and before the second trial of the case, the circuit court, of its own *motion*,. corrected such errors and vacated its first judgment, without any qualification whatever. This the court had the right to do, and after it was done the errors in question were no, longer available for the reversal of the judgment.

The second error assigned by the appellants is the decision of the circuit court in overruling their demurrer to the ap- pellees' complaint. In their complaint the appellees, as the heirs at law and administrator of the estate of Russell Ha- zeltine, deceased, alleged, in substance, that they were the- owners in fee simple, and entitled to the possession, of the real estate in Boone county, described as the southwest quar-- ter of the northwest quarter, and the northwest quarter of the southwest quarter, of section 17, in township 19 north,. of range 2 east, containing eighty acres more or less ; that the appellees were entitled to the possession of said lands,. and the appellants kept them out of the possession thereof,. without right ; that one William Lee and the appellant,. Mary Ann Lee, conveyed the said lands to one Russell Ha-

.zeltine by deed, a copy of which was therewith filed ; that, by a mistake in said deed, the said southwest quarter of the northwest quarter of said section 17 was described therein as the south*east* quarter of the northwest quarter of said section ; that the said William H. Lee and Russell Hazeltine had each since died—the said Lee leaving all the appellants, except the said William S. Smith and Sarah J. and John G. Tipton, as his heirs at law, and the said Hazeltine leaving all the appellees, except said Patrick H. Cone, administrator, as his heirs at law. Wherefore, etc.

Two objections are urged by the appellants' counsel to the sufficiency of this complaint, each of which we will briefly consider. It is claimed that the complaint was bad on the demurrer thereto, because it was not alleged therein that the appellants *unlawfully* kept the appellees out of the possession of the lands in controversy. It is true that the word "unlawfully" is not to be found in the appellees' complaint, and it is true, also, that section 595 of the code provides that "The plaintiff in his complaint shall state," *inter alia,* "that the defendant unlawfully keeps him out of possession." 2 R. S. 1876, p. 251. But we can not regard the word "unlawfully" as in any sense a technical term, and if, as in this case, its equivalent in meaning has been used, the complaint can not be held bad, because of the omission therefrom of the word in question. It will be seen from our summary of the complaint, that the appellees alleged therein that they were the owners in fee simple, and entitled to the possession, of the real estate in suit, and that the appellants kept them out of the possession thereof, without right. The allegations, that the appellees were entitled to the possession of the real estate, and that the appellants kept them out of the possession thereof *without right*, were certainly tantamount to a positive averment that they unlawfully kept the appellees out of possession. Section 592 of the code provides that "Any person having a valid subsisting interest in

real property, and a right to possession thereof, may re—cover the same by action," etc. 2 R. S. 1876, p. 250. The appellees asserted in their complaint "a valid subsisting interest in real property,, and a right to possession thereof," and, if the evidence were sufficient, it would seem that they might recover the same, under the statute, in this action. However this may be, we are of the opinion that the omission of the word "unlawfully" from the appellees' complaint did not vitiate it or render it bad, on the demurrer thereto for the want of facts.

The other objection to the sufficiency of the complaint, upon which the appellants' counsel seem to rely for a reversal of the judgment, is that the averments in regard to the alleged mistake in the deed, which the appellees sought to have corrected, were not sufficient to entitle them to such relief. If the gist of the appellees' action had been the correction of the alleged mistake in the deed from William H. and Mary A. Lee to Russell Hazeltine, it would seem to us that the complaint had failed to state a cause of action against the appellants, in this, that it did not allege a mutual mistake of fact in such deed, by all the parties thereto, and that, for the want of such an allegation, the complaint would have been bad, and the demurrer thereto ought to have been sustained. *Nicholson* v. *Caress*, 59 Ind. 39 ; *Easter* v. *Severin*, 64 Ind. 375 ; *Schoonover* v. *Dougherty*, 65 Ind. 463 ;: *Dowell* v. *Caffron*, 68 Ind. 196. But in section 71 of the code it is provided, among other things, that when the plaintiff desires to correct any mistakes in "title papers, or other instruments of writing," he may bring a separate action therefor, or he may have such "mistakes corrected, in any other action, when such * * correction would be essential to a complete remedy." 2 R. S. 1876, p. 70.

In the case at bar, the appellees' complaint, a summary of which we have given, shows very clearly that the gravamen of this action was the recovery of the possession of the

Smith *et al. v.* Kyler *et al.*

real estate, and the determination and quieting of the appellees' title thereto ; and as an incident to this cause of action, "essential to a complete remedy," they sought to have the alleged mistake in one of their title papers corrected in the same suit. This the appellees had the right to do, under the statutory provisions last quoted ; and as the complaint stated facts sufficient to constitute a cause of action in their behalf, for the recovery of the real estate, and for the quieting of their title thereto, it is certain that the court committed no error in overruling the demurrer to their complaint, even though its allegations in regard to the alleged mistake in the deed were clearly defective and insufficient. The appellants' objection to the complaint now under consideration could only have been reached and made available, as it seems to us, either by a motion to strike out or reject the allegations in regard to the alleged mistake in the deed, on the ground of their insufficiency, or by a motion to make such allegations more certain and specific.

Our conclusion is that the appellees' complaint stated facts sufficient to constitute a cause of action in their behalf, and that the appellants' demurrer thereto was correctly overruled.

The only other alleged error remaining to be considered is the ninth, namely, the decision of the circuit court in overruling the appellants' motion for a new trial. In their motion, the following causes for such new trial were assigned by the appellants :

1. Because the verdict of the jury was not sustained by sufficient evidence, and was contrary to law ;

2. Because of error of law, occurring at the trial and excepted to, in this, in excluding from the jury, when offered in evidence, the tax-title deed executed by Joseph B. Pitzer, auditor of Boone county, on December 6th, 1862, to David A. Caldwell, of the real estate in controversy ;

3. Because of error of law, occurring at the trial and excepted to, in this, in admitting in evidence, over appellants'

objections, the deed of said real estate executed to Russell Hazeltine by William H. and Mary A. Lee, on September 1st, 1853, but not recorded nor filed for record, in the recorder's office of Boone county, until June 19th, 1868, and of which deed the appellants had no earlier notice ; and,

4. Because the court erred in refusing to give the jury trying the cause the instructions asked for by the appellants, and numbered from two to eleven inclusive.

We will consider and decide the several questions presented by or arising under these alleged causes for a new trial, in the inverse order of their enumeration.

4. The instructions, asked for by the appellants and refused by the court, were not made part of the record of this cause, in either of the modes prescribed by law. Indeed, these instructions only appear in the appellants' motion for a new trial, as a part of the fourth cause assigned therefor, and they are not to be found elsewhere in the record. It is well settled by the decisions of this court, that instructions to a jury, whether given or refused, can not be made a part of the record of a case by setting them out or copying them in the motion for a new trial, as a cause therefor. Buskirk's Practice, 254, and cases there cited ; *Burnett* v. *Overton*, 67 Ind. 557 ; *McDonald* v. *The State, ante*, p. 254. The recital in the motion for a new trial, that certain instructions asked for had been refused by the court, is simply the recital of an alleged fact by the appellants' attorneys, which cannot be taken as true by this court, unless its truth shall be or has been clearly and properly shown and established elsewhere, in and by the record. No such showing was made in or by the record of this action, and therefore it must be said, we think, that the truth of the fourth cause assigned for a new trial is not apparent in, nor established by, the transcript of the record on file in this court. It follows from what we have said, that the record fails to show either that the appellants asked for the written instructions to the jury,

copied in their motion for a new trial as a part of the fourth cause therefor, or that the court had refused to give such instructions.

Besides, the court's instructions, given of its own motion to the jury trying the cause, were not made a part of the record, nor are they to be found in the transcript. In such a case, if it were conceded that the instructions, asked for by the appellants and refused by the court, were properly made a part of the record, and that each of them contained a correct statement of the law applicable to the case, still we could not say that the court had erred in refusing to give the instructions asked for. For it might well be in such a case, and the record would show nothing to the contrary, that the court refused to give the instructions asked for because it had already given the substance thereof in its own language. The court's reasons for its refusal to give the instructions asked by the appellants are not stated or apparent, but the record does not exclude the legal presumption that they were refused for sufficient reasons. *Fitzgerald* v. *Jerolaman*, 10 Ind. 338 ; *Myers* v. *Murphy*, 60 Ind. 282 ; *Stott* v. *Smith*, 70 Ind. 298 ; and *Bowen* v. *Pollard*, 71 Ind. 177.

3. It is shown by a bill of exceptions properly in the record, that, when the appellees offered in evidence, on the trial of this cause, the deed from William H. and Mary A. Lee to Russell Hazeltine, of the real estate in controversy, "the defendants then and there objected" to the introduction of said deed, "which objection the said court overruled, to which ruling of the court the defendants then and there excepted." The record fails to show that the appellants stated to the court the grounds of their objection to the admission of the deed in evidence. In such a case the settled rule of practice is, that this court will not, on appeal, consider the question of the admissibility of the evidence, nor any objections here to its admission. *Bishplinghoff* v. *Bauer*,

52 Ind. 519; *Rosenbaum* v. *Schmidt,* 54 Ind. 231; *Mc-
Cormick* v. *Mitchell,* 57 Ind. 248.

2. The court committed no error, we think, in excluding
from the jury the tax deed offered in evidence by the ap-
pellants, as the record fails to show that they either proved
or offered to prove that the tax sale of the real estate, in
pursuance of which such tax deed was executed, was legal
and valid. The tax deed recited, *inter alia,* that the tax
sale of the real estate, under which said deed was executed,
had been made for the taxes "returned delinquent, in the
name of William H. Lee, for the non-payment of taxes,
costs and charges for the years 1856 and 1857." The per-
sonal property of the owner of realty was then, as it is now,
primarily liable to distress and sale for the payment of all
the delinquent taxes of such owner; and until such personal
property, if any there were, had been exhausted, no legal
or valid sale could be made of the owner's realty. The tax
deed was made evidence by the law then in force as by the
law now in force, "of the truth of all the facts therein re-
cited;" but the tax deed offered in evidence by the appel-
lants, in the case now before us, contained no recital to the
effect either that the said William H. Lee had no personal
property in said Boone county, during the said years 1856
and 1857, subject to distress and sale, or that his personal
property, if any, had been exhausted before the offer and
sale of his real estate for said delinquent taxes.

For the purpose of showing that the tax sale, pursuant to
which said tax deed was executed, was a valid and legal sale,
it became necessary, therefore, that the appellants should
by proof *aliunde* establish the fact that said William H. Lee
had no personal property in Boone county during the years
1856 and 1857, subject to distress and sale, or that his per-
sonal property, if any, had been exhausted before the said
tax sale of said real estate. The only evidence offered by
the appellants for this purpose, as shown by the record, is as

follows : "And John W. Hedges testified that the records in his office aforesaid" (auditor of Boone county) "showed that there was no personal property assessed to William H. Lee for the year 1856." We need hardly say, for this is apparent, that this evidence was utterly insufficient to prove the facts necessary to be established under the law, for the purpose of showing the legality and validity of the tax sale, under and by virtue of which alone the tax deed offered in evidence was executed. We are clearly of the opinion that the court did not err in excluding this tax deed from the jury. *Cones* v. *Wilson*, 14 Ind. 465 ; *Ellis* v. *Kenyon*, 25 Ind. 134 ; *Bowen* v. *Donovan*, 32 Ind. 379 ; *Ring* v. *Ewing*, 47 Ind. 246 ; *Abbott* v. *Edgerton*, 53 Ind. 196 ; *Ward* v. *Montgomery*, 57 Ind. 276. Other objections have been pointed out by appellees' counsel to the validity of the tax deed, some of which seem to us to be well taken ; but we need not extend this opinion in their examination, as we regard the one already considered as fatal to such deed.

1. The first cause for a new trial assigned by the appellants, as we have seen, was that the verdict was not sustained by sufficient evidence, and was contrary to law. It seems to us, however, that the verdict was fairly sustained by sufficient legal evidence. At all events, the evidence in the record strongly tended to sustain the verdict, on every material point ; and in such a case the rule is so well settled that this court can not and will not disturb the verdict on the weight of the evidence, that we need not cite authorities in its support.

The motion for a new trial was correctly overruled.

The judgment is affirmed, at the appellants' costs.