No. 6993.

WOOD v. DEUTCHMAN.

PLEADING.—*Application in Reply to Reform Written Instrument Declared on* —*Departure.*—*Demurrer.*—A reply seeking to reform a written instrument, affirmed and declared on in the complaint, is a departure from the cause of action, and if it contain no allegation of mutual mistake made in its execution, either in the facts stated or omitted to be stated, nor that the parties, at the time it was executed, did not mutually understand, comprehend or intend the writing as executed, it is insufficient on demurrer.

Wood *v*. Deutchman.

PRACTICE.—*Partnership.—Parol Evidence Varying Written Agreement.*—Parol evidence is not admissible to vary a written partnership agreement, by showing that a party's interest in the capital stock is greater than that stated therein.

SAME.—*Instruction.—Weighing and Comparing Evidence.—Province of Jury.*—An instruction, in which the court undertakes to tell the jury the effect or weight of portions of the evidence, how to compare them one with another, and what portions are supported by other portions, is erroneous. The court, in so doing, usurps the powers and invades the province of the jury.

From the Clark Circuit Court.

*J. H. Stotsenburg* and *M. C. Hester*, for appellant.
*J. K. Marsh*, for appellee.

FRANKLIN, C.—August 1st, 1875, appellant and appellee formed and entered into a partnership in a flouring and grist mill business. The value of the mill was $7,961.57. Appellee assumed the payment thereof, and appellant was to be responsible to him for one-sixth of that amount, or $1,326.93, and to pay the interest thereon until paid; he was also to pay one-sixth of certain indebtedness against the mill. Appellant was to serve as miller, and they were to divide the profits. Appellant was a practical miller, without means, and appellee had considerable means. Appellant had not the money to pay one-sixth of said indebtedness, and he made arrangements with some third parties to advance the money for him, and take his notes for the same, payable in three years, and he took their written subscriptions to that effect, among which was a subscription by one Runyan for $50. On the 1st of December, 1875, appellee leased of appellant his interest in the mill during one year, for $140, and gave him his note therefor; he also, as a part of the lease contract, agreed to employ appellant for the year at a stipulated price, at the end of which time appellant was to take his place back in the partnership. After the execution of the lease, in settling some debts at Louisville, of which appellant was to pay his one-sixth, and appellant not having the money with

which to pay his part, they agreed that appellee should fur-
nish fifty dollars for appellant, and receive therefor the said
subscription of fifty dollars by Runyan and appellant's note
to Runyan for the same, payable in three years, which was
accordingly done; and the $50 item in appellee's set-off is
for said money so furnished.

Appellant's complaint was in three paragraphs.    The first
was upon the note given for the year's rent of the mill.
The second was upon the written contract for services in
the mill.    The third was upon an account.

The answer was in four paragraphs; the first a denial,
second payment, third and fourth set-off.

The reply was in five paragraphs, two in denial, and the
third, fourth and fifth special.

To the fourth paragraph of the answer a demurrer was
overruled, and to the third paragraph of the reply a demurrer
was sustained.

Trial by jury, verdict for the defendant, and a motion by
plaintiff for a new trial overruled; all these rulings reserved
by proper exceptions, and judgment for defendant.    Ap-
pellant has assigned in this court for error:

1st.    The overruling of his demurrer to the fourth para-
graph of the answer;

2d.    The sustaining of appellee's demurrer to the third
paragraph of his reply;

3d.    The overruling of his motion for a new trial.

We see no valid objection to the fourth paragraph of the
answer.

The third paragraph of appellant's reply, to which the
demurrer was sustained, was intended as an application to
reform the lease to appellee of appellant's interest in the
mill for one year, as appellant had declared on in the second
paragraph of his complaint.    To reform an instrument in
the reply, that had been affirmed and declared on in the
complaint, would be a departure from the cause of action.

But there is no allegation in the reply that there was any mutual mistake made in the execution of the lease, either in the facts stated or omitted to be stated ; nor that the parties, at the time the lease was executed, did not mutually understand, comprehend or intend the lease as executed. It was insufficient as a pleading to reform, and the court committed no error in sustaining a demurrer to it. *Nelson* v. *Davis*, 40 Ind. 366 ; *Baldwin* v. *Kerlin*, 46 Ind. 426 ; *Heavenridge* v. *Mondy*, 49 Ind. 434 ; *Nicholson* v. *Caress*, 59 Ind. 39 ; *Schoonover* v. *Dougherty*, 65 Ind. 463.

Under the motion for a new trial, appellant insists that there was error in refusing certain testimony offered by the plaintiff, and in instructing the jury. The testimony rejected was an offer by the plaintiff to prove that his interest in the capital stock of the partnership was virtually one-third instead of one-sixth, as stated in the partnership agreement. We think this testimony was properly refused. The written agreement could not be thus varied by parol testimony.

The instruction given and complained of reads as follows :

"The testimony of the defendant in relation to the payment of the interest on the $1,327, from August to December, 1875, was supported by the written contracts between the parties, while the evidence of the plaintiff was sustained only by that of Weimer. The reception of the Runyan subscription paper by defendant from plaintiff is not to be treated as the assignment of a promissory note, and it was not necessary for the defendant to attempt to collect the same by law from Runyan, before going back on the plaintiff for the payment of the money loaned by the defendant to the plaintiff at Louisville."

The first clause in the instruction is clearly wrong. In it the court undertook to tell the jury the effect, if not the weight, of certain portions of the testimony, and how to compare one portion with another, and what portions of the evidence supported certain other portions of it. This was

usurping the powers and invading the province of the jury. *Killian* v. *Eigenmann,* 57 Ind. 480.    And we do not think this clause of the instruction correctly stated the effect of the written contracts upon the defendant's testimony.    They in no manner tended to support his testimony in relation to the payment of the interest from August to December, 1875 ; they do not say anything about, or refer to, the interest claimed by defendant.    The note, when considered in the light of the testimony, was no evidence whatever of a settlement.    It was given simply for the year's rent of the mill.    We think this clause of the instruction was not only erroneous, but was well calculated to mislead the jury.

The second clause in this instruction was also erroneous. It applied to the item of $50 in defendant's offset, the money advanced at Louisville, as before stated.

There was evidence tending to show that, in that transaction, the defendant received and accepted in full satisfaction the Runyan subscription and plaintiff's note, payable in three years.    But, if not taken in payment or accord and satisfaction, he could not be held liable to pay or account for the money at an earlier date than he had agreed to pay Runyan in his note.    There was no evidence in the record showing that Runyan was not amply able to pay the subscription. Appellee had no right to hold on to the Runyan subscription without attempting to collect it, and appellant's note, without delivery to Runyan, as a reason for obtaining an offset for this money when sued upon the note for rent.

For the foregoing errors, the judgment below ought to be reversed.

Per Curiam.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, in all things, reversed, at appellee's costs ; and that the cause be remanded to the court below, with instructions to grant a new trial.