Reinhard, J.
This cause was originally appealed to the Supreme Court. That court, on the 27th day of March, 1893, determined that the jurisdiction of the appeal was -in the Appellate Court, and by an order of that date transferred the cause to our docket.
The action is on a fire insurance policy for the alleged loss of a dwelling house. The first error assigned and discussed is that of the overruling of the appellant’s demurrer to the complaint. After averring the execution and delivery of the policy and the loss, the complaint proceeds as follows:
“The plaintiffs, on their part and behalf, performed any and all and singular the conditions and stipulations thereof on their part to be done and performed respecting said contract, except as hereinafter stated; that within -days thereafter, and as soon as known to plaintiffs that said dwelling house had burned and was destroyed by fire, they at once, in writing, notified said defendant, said insurance company, thereof; that upon receipt of said notice by said defendant, she caused a pretended inquiry to be made of the premises, and afterwards, on the 26th day of December, 1885, notified the plaintiffs that she, the defendant, would not pay said sum of seven hundred dollars, by her written upon said dwelling house in said policy, or any part thereof; that plaintiffs did not make any proof of said loss for the reason that said defendant waived the same by denying liability because of vacancy at time of loss. * * * Plaintiffs further allege that on and prior to said application of plaintiffs to said defendant for said insurance herein mentioned, said defendant had made and promulgated the following rule and condition of insurance *75 by defendant as to, and in respect of, property by her insured becoming vacant, to wit: ‘Our rale is not to permit vacancy over thirty (30) days at one time,’ instead of and in lieu of the printed condition in said policy, to wit: ‘Or if the above mentioned buildings become vacant or unoccupied’ - ‘this policy shall be null and void.’ And the plaintiffs further allege that at and before the making of said application for said insurance they had full knowledge of said alteration and change in the condition in said printed policy as to vacancy aforesaid, and that said application for said insurance was made, and the consideration therefor paid upon the faith of said condition in said policy as to vacancy of insured property being as above stated, to wit: ‘Our rale is not to permit vacancy over thirty (30) days at any one time’; that by the mutual mistake of the parties said printed condition in said policy, as to vacancy, was left to stand as printed therein, when the same should have been erased, and said condition, to wit, ‘Our rule is not to permit vacancy over thirty (30) days at onetime,’ inserted in lieu thereof.” Prayer for judgment on the policy and a reformation.
The policy is copied into the complaint in full. It is urged by appellant’s counsel that the complaint is insufficient for three reasons:
1. It fails to show that notice of the loss was given within the time required or within a reasonable time.
2. It fails, to show a waiver of the proof of loss.
3. It fails to state facts sufficient to entitle the appellee to a reformation of the policy.
The appellee’s counsel contend that the question of the sufficiency of the complaint is res adjudícala, and in support of this contention we are referred to the case of Rogers v. Phenix Ins. Co., 121 Ind. 570, the claim being that this is but a continuation of that case. The *76 opinion in that case was filed, as appears from the statement at the close of the same, on January 16, 1890, and a petition for a rehearing overruled March 20, 1890, while the complaint in the present case was filed November 7, 1890. It is claimed, however, by appellee’s counsel that after the reversal of the former judgment by the Supreme Court, and the replacing of the cause upon the docket of the trial court, the appellees entered a dismissal, but that the complaint was subsequently refiled, and that no change or amendment was made to the complaint. It must be admitted that where .a rule of law has been declared by the appellate tribunal, such rule will be adhered to not only in all subsequent stages of the same cause of action, but ateo in any subsequent action between the same parties on the same cause of action, even though such rule be of doubtful correctness. Hawley, Admr., v. Smith, Admr., 45 Ind. 183.
But there are two reasons why the doctrine of former adjudication can not apply to the case in judgment. In the first place, the complaint is not set out in full in the report of the former case, and we can not, therefore, know whether it is the same as the one in the case at bar. In the nest place, the complaint in the other action was not tested by demurrer, and the Supreme Court might have come to a very different conclusion had a demurrer been filed and overruled. Many defects in a pleading will be cured by the verdict or finding, if objection is not made until after such verdict or finding, while the same defects would render the pleading bad on demurrer.
“The availability of objections in a case where a demurrer is interposed in due time and in an appropriate form, assumes a very different phase from the one it wears where the objections are made by a motion in ar *77 rest or by a specification in the assignment• of errors.” Elliott’s App. ProcecL, section 681.
It becomes our duty, therefore, to pass upon the sufficiency of the complaint, as tested by the demurrer. Is it subject to any or all of the objections urged to it? We shall consider these objections in the order in which they are presented and hereinbefore stated.
The policy provides that “in case of loss or damage, the assured shall forthwith give notice of such loss in writing to the company.”
It is not averred in the complaint how many days elapsed after the fire before notice of loss was given in writing. The averment is “that within-days thereafter, and as soon as known to the plaintiffs that said dwelling house had burned,” etc., the notice was given. If exact time is an essential averment, it is manifest that the pleading is totally insufficient. Usually, however, indefiniteness in a pleading can only be reached by motion to make more specific, and not by demurrer. But we think if it appears that the notice was given within a reasonable time, it will be a sufficient averment.
It is provided by statute that insurance companies shall not insert in their policies any condition requiring the insured to give notice forthwith, or within the period of less than five days, of the loss of the insured property, and any such condition is void. But if such a condition is nevertheless inserted, the most that can be required by the insurer of the insured is that he shall give notice of the loss within a reasonable time. R. S. 1894, section 4923 (R. S. 1881, section 370); Pickel v. Phenix Ins. Co., 119 Ind. 291; Insurance Co. of North America v. Brim, 111 Ind. 281; Baker v. German Fire Ins. Co., 124 Ind. 490; Germania Fire Ins. Co. v. Deckard, 3 Ind. App. 361.
Does the complaint show that the notice was given *78 within a reasonable time? It is averred that the notice was given as soon as the appellees discovered the loss. We need not decide what would be the consequence if an insured party who had sustained a loss were to remain negligently ignorant of such loss' for a long time, and in consequence thereof fail to give the notice. No such case is here presented. We think the averment that appellees gave the notice within-days after the loss, and as soon as they had discovered the same, must be construed in connection with the general averment that appellees had performed all the conditions on their part to be performed except as stated in the complaint, no other exception being mentioned with reference to the giving of notice. When thus construed, we think the complaint sufficiently shows the giving of the notice within a reasonable time. Germania Fire Ins. Co. v. Deckard, supra.
We also think the waiver of proof of loss is sufficiently pleaded. There is no provision in the policy as to how such proof of loss shall be made. As we have held, the appellees, within a reasonable time after the loss, notified the appellant of the same. The complaint alleges that on the 26th day of December, 1885, the company notified the appellees that it would not pay the insurance, or any part thereof, for the reason that the property was vacant when the fire occurred. The property was burned on the 21st day of November, 1885. When the company refused to pay on the ground of a violation of the vacancy provision in the policy, proof of loss would have been unavailing, if made after such refusal, in any event. Bowlus v. Phenix Ins. Co., 133 Ind. 106.
The appellees were not chargeable with unreasonable delay in failing to make the proof of loss prior to the time of the refusal. What we have said concerning the question of notice, is, in many respects, applicable here.
We proceed to consider the last objection urged to the *79 complaint: Do the facts alleged show that the appellees were entitled to a reformation of the policy? That instrument provides, in the body thereof, among other things, that if the buildings become vacant or unoccupied, without consent indorsed on the policy, the latter shall be null and void. If, therefore, upon the trial of the cause, the evidence should disclose that the buildings were vacant or unoccupied, at the time of the fire, the appellees could not recover. To overcome this difficulty, the appellees undertook to aver facts which would avoid the force and effect of the vacancy clause in the policy. The theory adopted by the appellees is that, by agreement of the parties, the provision in the policy regarding a vacancy of the premises was done away with, and permission was granted the appellees to let the buildings become vacant for a period of thirty days at a time, without special consent of the company. The pleader undertakes to aver that this permission was, by agreement, to be inserted in the body of the contract, but was, by the mutual mistake of the parties, omitted therefrom, and a reformation is prayed for. The controlling question, therefore, is whether the mutual mistake is so pleaded as to authorize such reformation.
It will be seen, by referring to the complaint, that it is not averred that it was intended by the parties that the stipulation: “Our rule is not to permit vacancy over thirty days at one time,” should be inserted in lieu of the condition regarding vacancy which was contained in the policy.
The tenor and effect of the averment is:
1. That before the policy was issued the company had promulgated the general rule above quoted, with reference to vacancies.
2. That appellees had full knowledge and notice of the promulgation of such rule and the change in the *80 condition of the company’s policies, and that the application was made and consideration paid upon the faith of such new rule.
3. That by the mutual mistake of the parties the printed stipulation in the policy was left to remain in the same when it should have been erased and the new rule inserted in lieu thereof.
Now, we can well see that it may have been quite true that the new rule was made and promulgated by the company, and that the appellees had full knowledge of the same, when they applied for the insurance, and yet it may not have been intended by both parties to the insurance that the new rule should constitute a part and parcel of the contract of insurance.
Without an averment that it was the purpose or intention of both parties that the old condition in the policy should be erased or done away with and the new one inserted in its place, or words of such import, no mutual mistake is shown, and the mere averment of the conclusion that the omission to make the change was by the mutual mistake of the parties, will not cure the defect. The bill must show that the contract, as written, was not what both parties to-it intended it should be, and it must point out what the mistake was, and that it was a mistake of fact, and not of law, and that it was the mistake of both parties, and not of one merely. Wood v. Deutchman, 75 Ind. 148; Nelson v. Davis, 40 Ind. 366; Baldwin v. Kerlin, 46 Ind. 426; Allen v. Anderson, 44 Ind. 395; Heavenridge v. Mondy, 49 Ind. 434; Schoonover v. Dougherty, 65 Ind. 463; Dowell v. Caffron, 68 Ind. 196; Toops v. Snyder, 70 Ind. 554; Easter v. Severin, 78 Ind. 540; First Nat’l Bank, etc., v. Gough, 61 Ind. 147.
The rule is correctly stated in Nevins v. Dunlap, 33 N. Y. 676, and approved by our Supreme Court in Baldwin v. Kerlin, supra, as follows:
*81 “To entitle a party to the decree of a court of equity, reforming a written instrument, he must show, first, a plain mistake, clearly made out by satisfactory proofs. * * * In the second place, he must show that the material stipulation which he claims should be omitted or inserted in the instrument, was omitted or inserted contrary to the intention of both parties, and under a mutual mistake.”
And in Nelson v. Davis, supra, the court say: “But there is, if possible, a still more fatal defect in the answer. It is not alleged that anything was omitted in the deed that was directed to be inserted, or that anything was inserted, by mistake or otherwise, contrary to the direction of the parties.”
Three things are necessary in a bill to reform a written instrument. It must appear:
1. That there was a mutual mistake.
2. The agreement actually made; and,
3. That which the parties intended to make. 20 Am. and Eng. Encyc. of Law, p. 720, and cases cited.
The instrument is sought to be reformed in a material respect. If the contract was as stated in the policy, a vacancy without permission indorsed would render the policy void during such vacancy. The parties had a right to make such a contract, and the courts can not relieve either of them from its consequences. If it was their intention to make another contract respecting the vacancy, the pleader should have averred that fact. This, as we have shown, is not done. Unless it was the intention of both parties to engraft the new rule upon the contract, and expunge the old one therefrom, the appellees can not have a reformation.
The presumption must continue in favor of the contract as signed by the parties until the contrary appears *82 by express averment in the bill to reform. The highest considerations of public policy forbid that a party should be relieved from the performance of his own agreement, deliberately made.
It is a rule as old as our jurisprudence, that a written contract can not be varied or modified by a contemporaneous verbal one. If a party to a written contract could escape its consequences by simply asserting a mutual mistake, without showing the particulars of such mistake, and that the contract made was in fact not the one intended to be made, the rule as to verbal modifications could be evaded and set at naught in every doubtful case by simply asking for a reformation. Such an innovation upon well settled and wholesome principles would be fraught with the direst consequences, and we have neither the power nor the inclination to make it. The contract that a vacancy without consent will avoid the policy, was one which the company had a clear right to make to protect itself against the increased hazard which the vacancy of the premises would entail. There is no claim that the appellant, by endorsement on the policy or otherwise, ever gave its consent that the buildings might remain unoccupied for any length of time. “Policies of insurance, like all other contracts, are to be construed with reference to the intention of the parties, to be ascertained from the terms and conditions placed therein. ” Continental Ins. Co. etc., v. Kyle, 124 Ind. 132.
It is contended, however, that no reformation of the policy was necessary. There is no' averment in the complaint, and nothing is disclosed therein which shows that the premises were unoccupied when the fire occurred. We are, therefore, of opinion that the general allegation of the performance of all conditions, etc., renders the complaint sufficient, and the demurrer was correctly *83 overruled. The pleading is a good complaint as a declaration upon the policy, although not sufficient as a complaint to reform the policy.
The appellant answered in three paragraphs. The first is the general denial, the second avers that the buildings were vacant and unoccupied at the time of the loss, contrary to the provisions of the policy, and the third sets up a limitation clause in the policy according to which no suit or action shall be sustainable on the policy unless brought within six months after the loss, and avers that such loss occurred more than three years before the commencement of the action. Separate demurrers were filed to the second and third paragraphs of the answer. The demurrer to the second paragraph was overruled, and the demurrer to the third paragraph was sustained. These paragraphs were the same as those ruled upon in Rogers v. Phenix Ins. Co. supra, and, according to the ruling in that case, the second paragraph states a good defense.
It was alleged by way of reply to the second paragraph of the answer “that at the time of the negotiation of said contract of insurance between said parties, said defendant well knew that said property insured then was, and would continue to be property owned and used by plaintiffs for rental purposes only, and would, and was at any time liable to become vacant by the removal of a tenant therefrom without the knowledge of said plaintiffs; that said plaintiffs refused to take insurance upon said property in said defendant’s insurance company .in a policy of insurance having the conditions therein that said policy should become null and void, should said insured property become vacant; that thereupon the agent through whom said policy was issued produced, and showed plaintiffs the book of rules issued by said defendant prior to that time, *84 in which, is set forth the rule of said defendant as to insured property becoming vacant as follows: ‘ Remember our rule is not to permit vacancy over thirty days at any one time, and when this vacancy becomes chronic we do not want the risk at all; ’ that thereupon it was agreed between said parties that upon the terms of this last named rule, as to vacancy, said plaintiffs would take said-insurance on said property and pay the premium therefor, and that said defendant would and did accept said application for said insurance and issue and deliver to plaintiffs said policy upon said last-named terms and rule as to any vacancy thereof, and upon the faith of said term, as to vacancy, said plaintiffs paid defendant their premium money therefor; that by the mutual mistake of said parties said condition as to vacancy in the printed form of said policy issued to plaintiffs was omitted to be stricken out and said rule and condition above herein set forth omitted to be inserted therein in lieu of said condition printed therein and agreed,'as aforesaid, to be stricken therefrom. Plaintiffs pray the court to reform said contract of insurance,” etc.
A demurrer was filed to this reply, but the record fails to disclose that any ruling was made upon the demurrer. We can not, therefore, consider the assignment that the court erred in overruling the demurrer to the reply.
The overruling of the motion for a new trial is the last specification of error. Three reasons are assigned in the motion for a new trial:
1. That the finding of the court is contrary to law.
2. That the finding of the court is contrary to the evidence.
3. That the finding of the court is not supported by sufficient evidence.
A reformation of an instrument declared upon can not *85 be decreed, unless the plaintiff is entitled to sucb relief by reason of tlie allegations in his complaint. The rule that a complaint must proceed upon a definite theory and that a «recovery can be had only according, to the averments of the complaint, applies with special force when there is in the complaint no averment whatever entitling the plaintiff to the relief obtained. The reply can not be looked to to bolster up the complaint, even if it were a good pleading. The complaint is the foundation of the action and upon it alone the plaintiff must recover or not at all. If the evidence is not applicable to the complaint, a finding in favor of the plaintiff upon such evidence is contrary to law. "A motion for a new trial on the ground that the verdict or decision is contrary to law is in the nature of- a demurrer to the evidence. It admits all the evidence given upon the trial, but says that, as the verdict or decision based upon such evidence is contrary to the general principles of the law, applicable to the issues involved, judgment shall not be rendered thereon. Such a motion presents to the nisi prius and appellate courts a question of law merely.” Buskirk’s Pr., p. 239. Our Supreme Court defines a verdict which is contrary to law to be one which is contrary to the principles of law as applied to the facts which the jury were called upon to try, contrary to the principles of law which should govern the case. Bosseker v. Cramer, 18 Ind. 44. And in a later case the same court said: "We think, in the meaning of the code, that a verdict which is improperly affected by any error of law occurring at the trial is a verdict contrary to law.” Robinson Machine Works v. Chandler, 56 Ind. 575 (583).
We also think the verdict is not sustained by sufficient evidence. Enough is disclosed by the evidence to lead to the conclusion that there can be no recovery without a reformation of the policy. It is shown that the fire *86 occurred while the premises were vacant, and this was a clear violation of the plain provisions of the contract of insurance. No evidence tending to prove a mutual mistake of- facts and entitling the appellees to have the policy reformed could be considered, as there was no complaint upon which to base such evidence properly. The mere fact that the company agreed to issue the policy on the rule promulgated by it, and that the appellees accepted the insurance and paid the premiums upon the faith of such an agreement, is not sufficient to entitle appellees to recover on the policy. Even if the complaint is good as an action to reform the policy under the holdings of the Supreme Court in Rogers v. Phenix Ins. Co., supra, as contended, the evidence fails to support it.
There is nothing in the complaint, or even in the reply, which excludes the necessity of the company’s con.sent indorsed on the policy, in case of a vacancy.
As the Supreme Court said in that case: “The fair construction of the stipulation in the policy and the rule, if the rule entered into the policy as contended, we think is that the company will permit a vacancy for the period of thirty days, provided its consent is indorsed on the policy.’’ Rogers v. Phenix Ins. Co., supra.
There is not a scintilla of evidence that consent, in writing or otherwise, was ever given by the company that the dwelling might remain unoccupied for any time. On the other hand, the evidence is uncontradicted that the premises were unoccupied at the time of the loss. If this was true, it defeated the appellee’s right to recover the insurance.
The learned counsel for the appellees contend that it was not necessary, in order to entitle the appellees to recover, that the policy should be reformed, and in support of this contention they cite the case of Phenix Ins. Co. v. Lorenz, 7 Ind. App. 266.
*87 Filed Nov. 16, 1894.
We have examined that case, but do not think it in point. There may be cases, doubtless, in which a company may waive some of the conditions of a policy, and in such cases the waiver may be relied upon by the insured, without a reformation of the policy. It has never been decided in this State (or in any other, so far as we are aware) that a recovery may be had on a policy containing such a provision as to vacancy as the contract before us contains, when it is shown that the provision was violated in that there was an actual vacancy of the property when it was burned, unless a reformation is first had so as to show that the vacancy clause was done away with by the contract of the parties.
Other questions are presented, but it is not necessary to further prolong this opinion by considering them.
The court erred, we think, in overruling the motion for a new trial.
Judgment reversed.
Gavin, J., having been of counsel below, took no part in the decision of this case.